Alma St. George, Edmond J. and Laura M. Marcotte
Charles and Betty Barnes, Fred and Doris Richmond

v.

Walter Larson, Archibald Poole, Roy G. Thorpe,
Selectmen, Town of Charlotte, and Town of Shelburne

[215 A.2d 511]

October Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1965

*Latham & Eastman* for plaintiffs.

*Francis R. Peisch* for Town of Charlotte.

*Wick, Dinse & Allen* for Town of Shelburne.

**Holden, C.J.** The plaintiffs petitioned the Chittenden County Court of Chancery for a writ of *certiorari*. Their purpose was to challenge the legality of the action of the selectmen of the Town of Charlotte in issuing a permit to the Town of Shelburne for the disposal of garbage and refuse in Charlotte as provided in the 1963 amendment of 24 V.S.A. § 2202.

The complaint was met by a motion to dismiss, stated on several grounds. The motion places first reliance on lack of jurisdiction in the court of chancery to issue the writ of *certiorari*. The cause was dismissed and the plaintiffs appeal.

The remedy which the plaintiffs seek in a court of equity is of ancient common law origin. In Vermont it first receives specific statutory recognition in Section 2, Chapter 19 of the Publick Acts of 1824. The enactment provided that the Supreme Court of Judicature, our predecessor, "shall have original and conclusive jurisdiction of all suits in chancery, and such petitions not triable by jury, as may now be brought before said court; and shall have the same powers now

given by law, to issue and determine all writs of error, *habeas corpus, mandamus, scire facias* and *certiorari.*"

In the revision of 1839 the provisions of this statute, as it relates to the court of chancery, was included in Chapter XXIV dealing generally with equity jurisprudence. The statutory authority to issue judicial writs of error, *certiorari, mandamus,* prohibition and *quo warranto* is set forth at Chapter XXV. R.S. 2536.

It is now contained in our present 4 V.S.A. §2. "The supreme court shall have exclusive jurisdiction of such petitions, not triable by jury, as are by law brought before it. It may determine and issue to courts of inferior jurisdiction, corporations, associations and individuals, writs of error, certiorari, mandamus, prohibition and quo warranto and other writs and processes that may be necessary to the furtherance of justice and the regular execution of the law. Such court may try and determine questions removed thereto pursuant to law."

The jurisdiction thus conferred was inherited by the Supreme Court from the power exercised by the King's Bench in England. The writ issued in the name of the king from the King's Chancery, as did all judicial writs, but principally to review the record in criminal causes. *Woodstock* v. *Gallup,* 28 Vt. 587, 591 (Redfield, C.J.) ; see also Harman, Vermont Court Procedure, 339, 2 Blackstone Commentaries § 360, p. 2551 (Jones' Ed.) ; 1 Pomeroy, Equity Jurisprudence 321 (4th Ed.) ; *McKenna* v. *New Jersey Highway Authority,* 19 N.J. 270, 116 A.2d, 29, 31; 14 Am. Jur. 2d, Certiorari §1.

The "original and conclusive jurisdiction of all suits in chancery" originally assigned to this Court has been removed elsewhere; — first to circuit judges in 1849, then to the judges of the Supreme Court in 1857 and finally to the superior judges, sitting as chancellors, in 1906. No. 40 of 1849; No. 1 of 1857; No. 63 of 1906. But the statutory authority to issue the judicial writs specified in the 1839 revision, including *certiorari,* did not follow these changes. It has resided continuously in the Supreme Court.

The plaintiffs refer to several English equity cases, some as early as the 17th century, where the writ issued from the courts of chancery. But the dangers which would attend the extensive application of the remedy according to the practice of the English courts of chancery, King's Bench and common pleas were pointed out by Judge Redfield in *Paine* v. *Leicester,* 22 Vt. 44, 47.

In any event, the Vermont Legislature has not seen fit to transfer this traditional common law remedy to our courts of chancery. Accord-

ingly, the authority to grant certiorari to review the proceedings of inferior tribunals remains exclusively in the Supreme Court where the statute first imposed it. The chancellor correctly dismissed the petition for want of jurisdiction.

*Order affirmed.*