### Rutland Country Club, Inc. v. City of Rutland

[436 A.2d 730]

No. 236-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Timothy N. Maikoff* of *Smith, Harlow & Liccardi,* Rutland, for Plaintiff.

*Robert E. Broderick* and *William J. Bloomer,* Rutland, for Defendant.

**Hill, J.** Plaintiff, Rutland Country Club, owns approximately 275 acres of land in the City of Rutland, 95 acres of which are used for an 18-hole golf course, clubhouse and one tennis court. The present controversy stems from a 1978 listing by the City of the property at $264,000.00, representing 65–68 per cent of the land's full value, which was found to be $395,500.00. See 32 V.S.A. §§ 3431, 4467. The golf course was unique to the area, so the City was without other property to use as comparison in evaluating the land's value. Consequently, the City divided the golf course into 75 building lots, and compared those lots to similarly sized properties in Rutland.

Following an unsuccessful appeal to the Board of Civil Authority, plaintiff appealed to the Director of the Division of

Property Valuation and Review pursuant to 32 V.S.A. § 4461. It contended that the property had not been appraised at fair market value and that the resultant taxes did not reflect a proportional share of value as compared to other properties within Rutland in violation of the Vermont and United States Constitutions. Following a hearing de novo before a board of appraisers (board) appointed by the Director, the $264,000.00 appraisal value was reaffirmed. Plaintiff appeals. We reverse.

The board certified four questions to this Court. We will examine the second and third questions in the first part of this opinion. Questions one and four will be considered in section two.

I.

32 V.S.A. § 4467 provides that in an appeal taken to the board there is a presumption that the appraisal is valid and the property owner has the burden of going forward with evidence to overcome that presumption. *New England Power Co. v. Town of Barnet*, 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). The board, in affirming the City's appraisal, concluded that plaintiff failed to overcome that presumption.

Plaintiff's attempt to meet the burden imposed by the statute consisted of presenting testimony by an expert witness, who is an independent appraiser, to the effect that the property within Rutland at issue had a fair market value of $327,500.00. In addition, the expert testified that if the City had calculated the listed value using the same ratio to the fair market value as was used for other properties in Rutland, calculated at 59.5 per cent of fair market value, the property would have been listed at $194,750.00. In making these calculations, the expert witness used the "market data" approach, comparing sales of similar properties with the property being appraised. See Id. at 505, 367 A.2d at 1367–68.[1]

---

[1] The expert testified that he did not use the "cost" approach due to difficulties in securing reliable data for country club land improvements, and difficulties in assigning obsolescence and depreciation to any of the estimated cost figures. "Income" approach was rejected due to a lack of reliable data within the market and because the profitability of the golf course depends upon efficiency of management. See *Id.*

The expert further testified that he considered sales from northern New England and New York State because there is a regional market for golf courses. From these comparisons a fair market value was reached.

The expert testified he then computed the listed value of the property according to the dictates of 32 V.S.A. § 4467, comparing the sales price of other property sold within Rutland to the value at which those properties were listed for taxation purposes after the sale. The resultant percentage, as discussed above, differed substantially from the City's calculations.

The board, in finding that the expert's testimony did not constitute sufficient "credible" evidence to overcome the presumption of validity of the City's appraisal, challenged the market data approach used by plaintiff's expert and the use of property outside Vermont in making the appraisal. Presumptions of the type found in Title 32, known as "locative" presumptions, place the burden of going forward with evidence on a party against whom they operate as a rule of law but are without any independent probative value. *Gardner* v. *Department of Social Welfare,* 135 Vt. 504, 507, 380 A.2d 87, 89 (1977). The case at bar allows an opportunity to clarify the type of evidence sufficient to overcome such locative presumptions.

■   We previously stated in a similar land assessment case that the presumption of validity of a city's evaluation is overcome when "credible evidence" is introduced "fairly and reasonably" indicating that the property was assessed at more than the fair market value or that the listed value exceeded the percentage of fair market value applied generally to property within the community. *New England Power Co.,* *supra,* 134 Vt. at 507, 367 A.2d at 1369. Upon the introduction of such evidence, the presumption disappears and becomes *functus officio. Tyrrell* v. *Prudential Insurance Company of America,* 109 Vt. 6, 23, 192 A. 184, 192 (1937).

■   The use of the phrase "credible evidence," however, does not require that the board sit as a trier of fact and determine whether the facts introduced to overcome the presumption are more believable than the facts supporting the board's assessment. "[I]f and when enough rebutting evi-

dence is admitted to make a question for the jury on the fact involved, the presumption disappears and goes for naught." *Id.* at 24, 192 A. at 192. The standard for the facts sought to be used to overcome the burden, consequently, is not actually one of credibility, requiring a subjective evaluation of the evidence, but rather of admissibility: in other words, "Does the fact offered in proof afford a basis for a rational inference of the fact to be proved?" *Id.* at 21, 192 A. at 191.

In the case at bar, the testimony offered by plaintiff's expert was sufficient to "burst the bubble" of the presumption, causing it to disappear. The board, however, in concluding that the evidence was inadequate to overcome the burden imposed by Title 32, seems to have incorrectly assigned evidentiary weight to the presumption, see *Estey* v. *Leveille,* 119 Vt. 438, 439, 128 A.2d 319, 320 (1957), and improperly constructed a task too weighty for plaintiff.

■■ Once the presumption of validity disappears, the burden of persuasion remains on the taxpayer as to all contested issues. *New England Power Co., supra,* 134 Vt. at 507–08, 367 A.2d at 1369. However, since relevant evidence challenging the assessment has been introduced to overcome the initial burden, to prevail the town will have to produce evidence to justify the appraisal. The presumption, once dissipated, no longer has any effect, and the evidence of the City must be weighed against that of the appellant. This can be done either by "demonstrating that the method of appraisal substantially complied with the relevant constitutional and statutory requirements, or [by substantiating] the appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable properties within the town." *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 398, 392 A.2d 387, 389 (1978).

## II.

■ Plaintiff also contends that the findings rendered in the proceeding are insufficient as a matter of law. Findings should explicitly state the material facts, *In re Fuller,* 135 Vt. 575, 578, 381 A.2d 1056, 1058–59 (1977), and indicate how the ultimate conclusion was reached, *New England Power*

*Co., supra,* 134 Vt. at 503, 367 A.2d at 1367. See also *Town of Walden* v. *Bucknam,* 135 Vt. 326, 327, 376 A.2d 761, 763 (1977). Plaintiff is correct that the board's findings were merely conclusory and provided no guidance for evaluating the land assessment procedures. This should be remedied upon rehearing.

*Certified questions one, two, and four are answered in the affirmative. Certified question three is answered in the negative. Reversed and remanded.*