### Alfredo Manganelli v. Town of Proctor

[479 A.2d 155]

No. 82-510

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

---

452

*Alfredo Manganelli,* pro se, Crystal Lake, Illinois, Plaintiff-Appellant.

*Keyser, Crowley, Banse, Abell and Facey,* Rutland, for Defendant-Appellee.

**Billings, C.J.** Plaintiff appeals from a decision of the State Board of Appraisers setting the appraisal of real estate owned by him in the Town of Proctor at $28,500.

After an unsuccessful appeal to the Town of Proctor Board of Civil Authority, plaintiff, who resides out of state, appealed the 1981 grand list appraisal of his property to the State Board of Appraisers (Board). Plaintiff did not attend the

hearing before the Board; instead, he submitted a written "argument" stating the grounds of his appeal, which was accepted by the Board. Plaintiff claimed that the 1981 appraisal exceeded the property's fair market value, and that the appraisal was not fairly compared to other comparable properties in the town.

Pursuant to 32 V.S.A. § 4467, an appeal before the Board "shall proceed de novo." Inherent in such an appeal is the presumption that the challenged appraisal is valid. *Rutland Country Club, Inc.* v. *City of Rutland,* 140 Vt. 142, 144, 436 A.2d 730, 731 (1981). The duty of overcoming this presumption of validity lies with the aggrieved taxpayer; if the taxpayer presents sufficient evidence raising a question of fact, the presumption is extinguished. *Id.* at 145–46, 436 A.2d at 731. We have previously stated that "[t]he burden of producing evidence to overcome the presumption is satisfied by the introduction of credible evidence fairly and reasonably tending to show that the property was assessed at more than fair market value or that the listed value exceeded the percentage of listed value actually applied to the general mass of property in the community." *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). At the hearing before the Board, rather than presenting any factual evidence, plaintiff merely submitted a letter stating the basis of his grievance. This clearly does not satisfy plaintiff's burden of presenting evidence sufficient to overcome the presumption of the appraisal's validity.

The Board is required to make findings of fact supporting its ultimate determination, 32 V.S.A. § 4467, and it has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached. *Chelsea Limited Partnership* v. *Town of Chelsea,* 142 Vt. 538, 540, 458 A.2d 1096, 1097 (1983); *Rutland Country Club* v. *City of Rutland, supra,* 140 Vt. at 146–47, 436 A.2d at 732. In the case at bar the Board has met the standards of review, and from the record the findings of fact are not clearly erroneous. *Town of Cambridge* v. *Bassett,* 142 Vt. 171, 453 A.2d 413 (1982).

*Affirmed.*