## Lisa V. Molesworth v. University of Vermont and Board of Trustees, University of Vermont

[508 A.2d 722]

No. 84-300

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 21, 1986

*Richard M. Finn*, Barre, for Plaintiff-Appellant.

*Lee B. Liggett*, Burlington, for Defendants-Appellees.

**Hayes, J.** Plaintiff seeks resident tuition status for a period of her attendance at the University of Vermont and appeals a superior court order granting defendants' motion for summary judgment. We affirm.

Although her parents were residents of Boston, Massachusetts, plaintiff was a tuition-paying student in Vermont during her last

year in high school. After two years at the University of Vermont, plaintiff applied for in-state status, which, if granted, would have lowered her tuition bill. Her application was rejected by the University's residency officer. Plaintiff appealed this decision to the University's appellate residency officer. After a hearing, at which plaintiff was represented by counsel, she received a written explanation of the denial.

Plaintiff then filed a complaint in superior court seeking a declaratory judgment that she was entitled to in-state status. Defendants moved for summary judgment, asserting that the proper route for review would have been in the nature of certiorari, pursuant to V.R.C.P. 75, not a trial de novo. The superior court granted defendants' motion.

## I.

Defendants argue that the superior court has only appellate jurisdiction in this matter, and that plaintiff is not entitled to a de novo hearing. We agree.

■ The Trustees of the University of Vermont are vested with the entire management and control over University affairs, by virtue of the University Charter. 1955, No. 66, § 2. More specifically, the Legislature has delegated authority to the Trustees to distinguish between in-state and out-of-state residents for tuition purposes and to establish certain guidelines for deciding eligibility for reduced tuition charges. 16 V.S.A. § 2282(c). In accordance with this legislative authority, the Trustees have established procedures and adopted regulations for determining individual residency cases. A residency officer considers all requests for in-state status when students are denied such status by other University administrative officials. An appellate residency officer hears all appeals of denials by the residency officer of in-state status.

■■ The Legislature did not establish a specific means for reviewing in-state tuition eligibility determinations, nor does any administrative regulation provide for the appeal of residency decisions beyond the University's internal mechanism. Further review of in-state tuition eligibility determinations may be obtained, however, in superior court by writ of certiorari as provided by 4 V.S.A. § 113. V.R.C.P. 75 sets forth the procedure applicable to these proceedings, which are in the nature of certiorari and which do not contemplate de novo review.

■ A V.R.C.P. 75 review in this case would be limited to a review of the University's quasi-judicial action and confined to addressing substantial questions of law affecting the merits of the case. See *Burroughs* v. *West Windsor Board of School Directors*, 141 Vt. 234, 237, 446 A.2d 377, 379 (1982). Even if plaintiff's complaint for declaratory judgment were viewed by the superior court as a petition for review in the nature of certiorari under V.R.C.P. 75, no substantive questions of law were brought to focus in the pleadings below. Therefore, we have no cause to disturb the granting of summary judgment by the superior court.

## II.

■ Finally, we disagree with plaintiff's assertion that her claim was properly before the superior court because it involved a justiciable controversy within the Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725. The Declaratory Judgments Act has not increased or enlarged the jurisdiction of the superior court. *Murray* v. *Cartmell's Executor*, 118 Vt. 178, 180, 102 A.2d 853, 855 (1954). Where, as here, the Legislature has delegated authority to the Trustees of the University of Vermont to determine eligibility for reduced tuition charges, 16 V.S.A. § 2282(c), the declaratory judgments vehicle can not be used to frustrate that legislative choice.

*Affirmed.*