# Wayne E. Hunt v. Village of Bristol and Village of Bristol Board of Trustees

[620 A.2d 1266]

No. 92-056

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 18, 1992

*James F. Carroll* of *Powers, English & Carroll, Ltd.*, Middlebury, for Plaintiff-Appellant.

*Steven F. Stitzel* and *Patti R. Page* of *Stitzel & Page, P.C.*, Burlington, for Defendant-Appellee.

**Morse, J.** In August 1991, Wayne Hunt was fired as police chief of Bristol, Vermont. He sought relief under V.R.C.P. 75 in superior court, and his complaint was dismissed on the ground that certiorari review was unavailable because no substantial constitutional issue was raised. He appeals here. We reverse.

The police chief was dismissed under 24 V.S.A. § 1932 (removal or suspension of police officer after hearing). Review of governmental action is governed by V.R.C.P. 74 and 75. Rule 74 applies when review is provided by statute. When legislation

is silent on the mode of review, Rule 75 governs the appellate procedure if review is "available by law." Review is not "available by law" when the Legislature has declared that an "action of a tribunal shall be final." *Mason v. Thetford School Board*, 142 Vt. 495, 498–99, 457 A.2d 647, 649 (1983) ("language of finality . . . precludes appeal even where it might otherwise be available").

■ The legislation providing for dismissal of a police officer is silent on the right to an appeal. Where the legislation does not affirmatively indicate that review is "available by law," we have held that review by this Court is nonetheless permitted by a petition for extraordinary relief. *Vincent v. Vermont State Retirement Board*, 148 Vt. 531, 533–34, 536 A.2d 925, 927–28 (1987) (when statutory scheme does not provide for appeal, review is available under V.R.C.P. 75); *Molesworth v. University of Vermont*, 147 Vt. 4, 6–7, 508 A.2d 722, 723 (1986) (where Legislature does not provide a specific means of review, administrative action is reviewable by writ of certiorari under 4 V.S.A. § 113 in superior court following the procedures of V.R.C.P. 75); *City of St. Albans v. Avery*, 95 Vt. 249, 262, 114 A. 31, 37 (1921) (writ of certiorari provides review of "bodies exercising judicial functions . . . where no other means of review is provided").

Extraordinary writs such as mandamus, scire facias, prohibition, quo warranto and certiorari are remedies "of ancient common law origin," first recognized in Vermont statutes in 1824. *St. George v. Larson*, 125 Vt. 352, 352–53, 215 A.2d 511, 512 (1965) (outlining history of extraordinary writs). The superior court has original jurisdiction concurrent with this Court in matters of "certiorari, mandamus, prohibition, and quo warranto." 4 V.S.A. § 113. By rule, Vermont has "abolished" certain extraordinary writs, certiorari among them, declaring instead that review of governmental action shall be governed by Rule 74 or 75. V.R.C.P. 81(b). Habit is not easily broken, however, and we still refer to relief from government action as "in the nature of" one of the extraordinary writs. Reporter's Notes, V.R.C.P. 75. When only questions of law, as opposed to fact, are under consideration, review is "available as a matter of general law" by resort to extraordinary relief "in the nature of certiorari." Reporter's Notes, V.R.C.P. 75; *Molesworth*, 147 Vt. at

6, 508 A.2d at 723 ("nature of certiorari . . . do[es] not contemplate de novo review").

In this case, the trial court dismissed the complaint because no "substantial constitutional issue appropriate to review in the nature of certiorari" was raised. We disagree that a constitutional issue is required for review to be available. Under V.R.C.P. 75, review in superior court by way of appellate review or certiorari is virtually synonymous. At an earlier time, certiorari was a "prerogative writ" where the Supreme Court had "discretion in withholding the remedy, even when it is obvious, that some formal error has intervened." *Paine v. Town of Leicester*, 22 Vt. 44, 49 (1849). The case law interpreting certiorari review over the years has blurred the distinction between the two avenues of appellate review, although some cases still hold out an ostensible distinction between them. In *Molesworth*, we said that review is "limited to . . . addressing *substantial* questions of law." 147 Vt. at 7, 508 A.2d at 723 (emphasis added). All that this has come to mean, however, is the unremarkable proposition that questions of law without merit do not warrant relief on review. *In re Town of Essex*, 125 Vt. 170, 170–71, 212 A.2d 623, 625–26 (1965) (practice is to hear the merits of the petition for a writ of certiorari and decide the case). As stated in *Royalton College, Inc. v. State Board of Education*, 127 Vt. 436, 447–48, 251 A.2d 498, 506 (1969):

> the scope of review under a writ of certiorari is analogized to something like ordinary appellate review or writ of error. Errors of law in the proceedings affecting the merits are for consideration. This includes evidentiary points only insofar as they may be examined to determine whether there is any competent evidence to justify the adjudication, much as in the case of a motion for a directed verdict. Discretionary rulings may be set aside only for abuse and the judgment is not reviewable on the merits. . . . Under this law, since the power exercised here is quasi-judicial, both the legal quality of the action and the sufficiency of the supporting proof are for review.

In his complaint, plaintiff generally expressed dissatisfaction with the dismissal, characterizing it as "unsupported by the evidence presented during the hearing and arbitrary and

capricious." He also raised vague allegations that defendants were partial and did not follow statutory procedures. Under pleading requirements in effect before promulgation of the Vermont Rules of Civil Procedure in 1971, plaintiff's lack of specificity might have defeated his request for certiorari review. See *In re Town of Essex*, 125 Vt. at 171, 212 A.2d at 625 (facts and law must be stated sufficiently in petition to authorize relief on its face). Rule 75(b) provides, however:

> The complaint shall include a concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief, and shall demand the relief to which the plaintiff believes the plaintiff to be entitled. No responsive pleading need be filed unless required by statute or by order of the court.

Thus, notice pleading is sufficient. Since certiorari review is ordinarily restricted to the record, the case may be decided expeditiously on submission of memoranda of law. We conclude the trial court demanded too much in deciding it lacked jurisdiction under Rule 75.

*Reversed and remanded for a decision on the merits.*