Richards v. Williamstown School Board, No. 126-7-04 Oecv  (Davenport, J., May 25, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
ORANGE COUNTY, SS.

| | | |
|---|---|---|
| Kim Richards and Carson Richards, | ) | |
|     Plaintiffs, | ) | Orange Superior Court |
| | ) | |
| v. | ) | |
| | ) | Docket No. 126-7-04 Oecv |
| Williamstown School Board, | ) | |
| Douglas Shiok, Superintendent, | ) | |
| Rodney Graham, | ) | |
| Alvin Avery, | ) | |
| David Evans, | ) | |
| Wayne Emmons, | ) | |
| and Matthew Rouleau, | ) | |
|     Defendants. | ) | |


ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings.  The Plaintiffs appeal a Williamstown School Board disciplinary action pursuant to Rule 75.  The Plaintiffs also bring a complaint for damages against the Williamstown School Board and its individual members, for denial of procedural and substantive due process rights, pursuant to 42 U.S.C. § 1983.

Standard of Review

In a motion for judgment on the pleadings pursuant to V.R.C.P. 12(c), the court determines whether the moving party is entitled to judgment as a matter of law on the basis of the pleadings. *Thayer v. Herdt*, 155 Vt. 448, 456 (1990).  The court assumes as true all well-pleaded factual allegations and all reasonable

1

inferences that may be derived from nonmoving party's pleadings, and assumes that all contravening assertions in movant's pleadings are false. *Knight v. Rower*, 170 Vt. 96, 98 (1999). Where a nonmovant's pleadings contain allegations that, if proved, would permit recovery, a moving party may not secure a judgment on the pleadings. *Id.*

Facts

The following facts are undisputed. Plaintiff Carson Richards was a seventh grade student at the time of the incident in question, and Plaintiff Kim Richards is his mother. On May 7, 2004, Carson Richards was on school grounds in possession of a toy gun for approximately fifteen minutes while he watched a ball game after school. The toy was not displayed to anyone or used in any manner.

The Williamstown School Board convened a special hearing on May 21, 2004, to examine the events in question in light of the Williamstown School District Weapons Policy.

On May 28, 2004, the School Board suspended Carson Richards for possessing weapons in violation of the Weapons Policy for the remainder of the school year, a period of five weeks. The School Board also prohibited Richards from participating in extracurricular activities and/or school functions for the first semester of the 2004-05 school year and placed him on probationary status.

The Williamstown School District Weapons Policy prohibits "[p]ossession and/or use of any dangerous or deadly weapon or facsimile of any dangerous or deadly weapon in any school building on school grounds or property . . . . before, during and after school, as well as at any school sponsored activity." Policy, II. The definition of "dangerous or deadly weapon" includes an extensive list of weapons, and includes: "A hoax device, defined as any device so designed, assembled, fabricated or manufactured as to convey the physical appearance of an explosive or incendiary bomb or the physical appearance of any of the devices enumerated" in the list of weapons. Policy, III.A.1.g.

The Plaintiffs brought a witness, a law enforcement officer named Richard Cleveland, who intended to testify that the toy gun in question did not constitute a "weapon" as defined by the Williamstown School District Weapons Policy. The School Board did not permit him to testify. The toy gun was not at the hearing.

Conclusions of Law

§ 1983 Claims

The Plaintiffs first allege that the School Board violated Carson's procedural and substantive due process rights. A student who faces suspension in a state that provides free education has a property interest under the Due Process Clause of the Fourteenth Amendment. *Goss v. Lopez*, 419 U.S. 565, 576 (1975). The Vermont Constitution creates a right to public education. Vt. Const. ch. II, § 68; *Brigham v. State*, 166 Vt. 246, 258 (1997).

Procedural Due Process

The Plaintiffs base their procedural due process claim on the fact that they were denied the opportunity to present a witness who would testify that the toy gun did not qualify as a weapon under the Williamstown School District Weapons Policy. The Defendants assert that the Plaintiffs received all the process that was due.

A student's property interest triggers procedural due process safeguards, and the United States Supreme Court has held that where students are subject to suspension for ten days or less, at "the very minimum," they "must be given some kind of notice and afforded some kind of hearing." *Goss*, 419 U.S. at 579. The Supreme Court has not spoken as to what process is due for suspensions of over ten days, as in this case, but noted that "longer suspensions or expulsions for the remainder of the school term . . . may require more formal procedures." *Id*. at 584.

In the absence of such a decision, most federal courts have relied upon the requirements in *Dixon v. Alabama Bd. of Educ.*, 294 F.2d 150 (5th Cir.1961), which was not overruled by *Goss*. *Duck v. Isle of Wight County School Board*, 362 F.Supp.2d 675, 681-82 (E.D.Va. 2005); *Hammock v. Keys*, 93 F.Supp.2d 1222, 1228 (S.D.Ala. 2000); *Diggles v. Corsicana Independent School District*, 529 F.Supp. 169, 172 (N.D.Tex. 1981). The students in *Dixon* were summarily expelled, and the Fifth Circuit ruled that the school should have provided certain process requirements before expelling a student, one of which is "the opportunity to present . . . his own defense against the charges and to produce either oral testimony or written affidavits of witnesses in his behalf." *Dixon*, 294 F.2d at 159. Other jurisdictions agree that the Due Process Clause requires that the student have the opportunity to call one's own witnesses where a long-term suspension is at stake. *Carey on Behalf of Carey v. Maine School Administrative District #17*, 754

F.Supp. 906, 919 (D.Maine 1990); *In re Roberts*, 150 N.C.App. 86, 93 (2002) (overruled on other grounds).

The Vermont Supreme Court has spoken only once on this issue, and emphasized that *Goss* only warned that longer suspensions *may* require additional formal procedures. *Rutz*, 142 Vt. at 406-07 (emphasis in original). In *Rutz*, however, although the Plaintiff did have actual notice, he complained that the school failed to strictly comply with its own policy of providing written notice. The Court rejected the argument that schools were constitutionally required to comply strictly with their own regulations, and endorsed flexible procedures premised upon "fairness and reasonableness in light of the totality of the circumstances." *Rutz*, 142 Vt. at 409. Courts should examine the "underlying question" – "whether the student's interests have been properly protected . . . [and] not prejudiced by . . . any failure of strict and literal compliance by school authorities with their own regulations." *Id*.

In this case, considering fairness and reasonableness in light of the totality of the circumstances, the School Board did not comply with due process. The Plaintiffs brought a witness to testify on a disputed issue – which remains disputed today – and were denied the right to present his testimony. The witness was a law enforcement officer who it is reasonable to assume had special expertise with respect to the central disputed issue. Refusing to allow the officer to testify may have seriously prejudiced Plaintiffs' rights. If the witness had convinced the School Board that the toy at issue was not covered by the Weapons Policy, there would have been no grounds for suspension. This is not the exaltation of form over substance cautioned against in *Rutz*; the rudimentary elements of fair play were not met. Assuming all of the Plaintiff's factual allegations and reasonable inferences are true, the Plaintiffs can establish a constitutional claim under § 1983 for failure to comply with procedural due process. Judgment on the pleadings on this claim is DENIED.

Qualified Immunity

The Defendants argue that the individual school board members are entitled to qualified immunity. The Plaintiffs respond that the officials did not act in good faith. Qualified immunity protects public officials from tort liability when they perform discretionary acts in good faith within the scope of their employment and authority. *Mellin v. Flood Brook Union School District*, 173 Vt. 202, 213 (2001). As a threshold matter, the Plaintiffs must establish that the Defendants violated their constitutional rights. *Hoffer v. Ancel*, 176 Vt. 630, 633 (2004) (mem.).

4

As the Plaintiffs have stated a claim for a violation of their constitutional rights to procedural due process, the Court next evaluates whether the officials acted in good faith, which is measured by an objective standard. "'Good faith exists where an official's acts did not violate clearly established rights of which the official reasonably should have known.'" *Stevens v. Stearns*, 175 Vt. 428, 434 (2003) (quoting *Murray v. White*, 155 Vt. 621, 630 (1991) (internal footnote omitted)). The clearly established right must be "specific to the circumstances." *Hoffer v. Ancel*, 176 Vt. at 633. "If the right is clearly established, then the official reasonably should have known about it, and the official's actual lack of knowledge will not bar suit." *Rich v. Montpelier Supervisory Dist.*, 167 Vt. 415, 424 (1998).

The Court must examine the theory of liability to determine whether the right is clearly established. *Sabia v. Neville*, 165 Vt. 515, 521 (1996). The Plaintiffs' theory is that the individual school board members reasonably should have known that procedural due process requires that a student facing long-term suspension be allowed to present witnesses. As discussed above, these areas of law are not clearly established. There are no Vermont cases on point, and the United States Supreme Court has not ruled upon what process is due in long-term suspension hearings, so this Court cannot say that the school board members reasonably should have known about the level of process due. As such, the individual Defendants are immune from suit.

Substantive Due Process

Substantive due process protects individuals against arbitrary government action regardless of what process is provided. *Mellin v. Flood Brook Union School District*, 173 Vt. at 215. Substantive due process claims are cognizable "for extreme or egregious conduct which can fairly be viewed as so 'brutal' and 'offensive to human dignity' that it shocks the conscience." *Cohn v. New Paltz Central School Dist.* 363 F.Supp.2d 421, 434 (N.D.N.Y.2005) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 6 (2d Cir.1973)). "Substantive due process 'does not forbid governmental actions that might be fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit . . . . [Its] standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.'" *Id.* (quoting *Harlen Assocs. v. Vil. of Mineola*, 273 F.3d 494, 505 (2d Cir.2001)). A single slap by a teacher to the student's face does not offend substantive due process. *Yap v. Oceanside Union Free School Dist.*, 303 F.Supp.2d 284, 296 (E.D.N.Y.2004).

5

There is a legitimate and compelling governmental need in ensuring school safety, and school officials and school boards are charged with maintaining discipline to that end. 16 V.S.A. §§ 1161a, 1162, & 1166. In *Cohn*, substantive due process was not violated when a student was suspended for the rest of the school year for conversing with fellow students about handguns and later obtaining a handgun, although the gun was never on school property. 363 F.Supp.2d at 434. Against such a backdrop, no reasonable trier of fact in this case could find that the Defendants violated the Plaintiffs' substantive due process rights in this case. As such, judgment on the pleadings on this claim is GRANTED.

Rule 75 Appeal

In this case, Rule 75 review is in the nature of a writ of certiorari, because that writ formerly provided review of judicial or quasi-judicial acts where no other means of review was available. Reporter's Notes, V.R.C.P. 75; *Campbell v. Manchester Board of School Directors*, 152 Vt. 643, 644 (1989) (mem.). Rule 75 review in the nature of a writ of certiorari addresses "substantial questions of law affecting the merits of the case." *Richards v. Town of Norwich*, 169 Vt. at 47. It does not contemplate de novo review. *Molesworth v. University of Vermont*, 147 Vt. 4, 6 (1986). Courts consider errors of law affecting the merits, and "'evidentiary points only insofar as they may be examined to determine whether there is any competent evidence to justify the adjudication . . . . both the legal quality of the action and the sufficiency of the supporting proof are for review.'" *Hunt v. Village of Bristol*, 159 Vt. 439, 441 (1992) (quoting *Royalton College, Inc., v. State Board of Education*, 127 Vt. 436, 447-48 (1969)).

The parties dispute whether the toy gun in question was a "weapon" as defined by the Williamstown School District Weapons Policy. The toy may well be a "facsimile" of a "dangerous or deadly weapon", or a "hoax device designed . . . to convey the physical appearance" of a "dangerous or deadly weapon" prohibited under the policy; however, at this point the record appears to contain no "competent evidence to justify the adjudication." *Hunt*, 159 Vt. at 441 (quoting *Royalton College*, 127 Vt. at 447-48). Assuming Plaintiffs' facts as true, and reasonable inferences therefrom, the Plaintiffs' allegations, if proved, would be grounds for a reversal and remand under Rule 75. Judgment on the pleadings is DENIED.

Order

Based on the foregoing it is hereby ORDERED:

6

Judgment on the pleadings on the Rule 75 appeal is DENIED.

Judgment on the pleadings on the substantive due process claim is GRANTED.

Judgment on the pleadings on the procedural due process claim is DENIED as to the Defendant Williamstown School Board.

The procedural due process claim against the individual school board members is BARRED because those individuals are immune from suit.

Dated at Chelsea, Vermont, this ____ day of May, 2005.


_____
Hon. Amy Marie Davenport
Presiding Judge