Egan v. Vermont Dept. of Taxes, No. S1552-04 CnC  (Norton, J., July 14, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                               SUPERIOR COURT
Chittenden County, ss.:                        Docket No. S1552-04 CnC


EGAN

v.

VERMONT DEPARTMENT OF TAXES


ENTRY


Appellant landowners John Egan and Barbara Chapin appeal a decision by the State of Vermont's Department of Taxes.  This decision denied landowners' request for a refund from the land-use-change tax they paid as a result of voluntarily withdrawing land from the Use Value Appraisal program.  See 32 V.S.A. §§ 3751, 3755 (describing the Use Value Appraisal program and eligibility requirements).[1]  The Tax

_____

[1] This program is an alternative property tax valuation system designed to ease the burden on owners of forest or agricultural land from the normal property

Department denied the request because the appeal was untimely according to 32 V.S.A. § 5883 and because landowners failed to make a case for equitable relief. Landowners have appealed to this court, and the Tax Department now moves pursuant to V.R.C.P. 12(b)(1) to dismiss for lack of subject matter for the same reasons. For the reasons stated below, the Tax Department's motion to dismiss is denied.

The facts of this appeal are undisputed and straightforward. In March 2004, landowners petitioned the Tax Department to withdraw 55 acres of land from the Use Value Appraisal program by filing a Notice of Development and Discontinuance. The Department granted the request and on March 24, 2004 issued landowners a Notice of Assessment. This notice told landowners that their land had been withdrawn from the program, was now assessed at a fair market value of $213,667, and they were being charged a land use change tax of $21,366. Landowners do not dispute the validity of this notice, the fair market value appraisal, or the amount of the land use change tax assessed against them.[2] Indeed, the record shows that they complied with the notice, paid the land use change tax, and recorded their payment with the deed.[3]

Landowners' appeal actually arises from a land transaction they pursued in parallel with their Use Value withdrawal. Although they had

_____

tax valuation system. Note, Changing Vermont's Current Use Appraisal Program to Provide Property Tax Incentives for Conservation Easements, 17 Vt. L. Rev. 165, 170–73, 187–88 (1992).

[2] The land use change tax is essentially a tax penalty owners must pay when they remove property from the Use Value Appraisal program for development. 32 V.S.A. § 3757.

[3] The effect of this payment meant that the parcel was freed from a tax lien that ran with the property. 32 V.S.A. § 3757(f).

removed their land from the program in order to develop it, landowners claim that they intended to sell 27 acres of this land as forest. According to landowners, they only removed it from the program because they believed that they needed to withdraw it to transfer it to a third party. In April 2004, landowners sold the 27-acre parcel to a third party who have since sought to re-enroll it in the Use Value program. Landowners claim to have subsequently learned that they did not have to remove the land from the program and could have sold this property as it was. Landowners claim that this was their true intent but that they were mistaken about the process and further confused by the Tax Department's forms and staff. On June 9, 2004, landowners wrote to the Tax Department seeking to return the land to the Use Value program and obtain a refund of the land use change tax for the 27-acre parcel.

This created a unique situation for the Tax Department. There are essentially two areas of statutory authority governing appeals for the Use Value Appraisal program. 32 V.S.A. § 3757(f) (incorporating the provisions of title 32's chapter 151); § 3758 (incorporating the appeal provisions of title 32's chapter 131). Each section presumes that the appealing taxpayer is challenging a specific decision by the Tax Department, such as a denial of a Use Value application (32 V.S.A. § 3758(a)), a determination of the land's fair market value (§ 3758(b)), or an appraisal made by the Department (32 V.S.A. § 3757(f)). See, e.g., Jones v. Vt. Dep't of Forests, Parks and Recreation, 2004 VT 49 (appealing removal from Use Value program for failure to abide by forest management plan governing the property). But in this case, landowners were not challenging any specific determination that the Tax Department made. Instead, they were seeking to void their entire decision to apply for a withdrawal from the program, at least in regards to the 27-acre parcel.

Following landowners' June letter, the Tax Department held a hearing and issued a written opinion, from which this appeal followed. In

that decision the Department treated landowners' request as a challenge to the March 24 Notice of Assessment. Looking to the provisions of chapter 151 in title 32,[4] the Department applied 32 V.S.A. § 5883 (petitions to the commissioner for notices of deficiency or assessments of penalty or interest) and concluded that the section's 60-day limitation period had run out. What is not clear from this decision, however, is why § 5883 (deficiencies and penalties) applied to landowner's situation as opposed to § 5884 (refunds) or another provision. For example, prior to the hearing the Tax Department's attorney argued that § 3758 should not apply because "the director did not make a determination." Yet, an appeal under § 5883 is equally premised on a determination, specifically that a taxpayer was deficient or has incurred a penalty. 32 V.S.A. §§ 5881, 5883. Applying the Department's own reasoning, § 5883 stands out as no better of a basis for the proceeding than § 3758.

The problem with this choice of standards is that landowners did not really seek to challenge any details of their Notice of Assessment. Rather, they wanted to turn the clock back and undo their entire 27-acre parcel withdrawal from the Use Value Appraisal program. What landowners are really challenging is their original Notice of Development and Discontinuance. The question then is whether any of the statutory provisions allow for such a challenge. The answer is that they do not. As with the statutory appeals under § 3758, § 5883 presumes that there has been an adverse determination that the taxpayer has immediate incentive to

---

[4] "All of the administrative provisions of chapter 151 of this title, including those relating to collection and enforcement, shall apply to the land use change tax." 32 V.S.A. § 3757(f).

challenge it.[5]  Nothing in this section or any other in title 32 give landowners a right to revoke their Notice of Development and Discontinuance two and a half months after that notice had been approved, two months after they had sold the property in question, and one month after they had paid the land-use-change tax and recorded its discharge.

Without any statutory basis for relief, landowners could only look to the discretion of the Tax Department to determine if such a reversal was possible under departmental policies and regulations.  The record shows that notwithstanding landowners' denial of relief based on § 5883, the Tax Department took evidence and made a decision based on that evidence and its own policies to turn down landowners' request.  Among other points, the most salient are:

- Findings by the Department that the cause of landowners' confusion was their own failure to understand the Use Value Appraisal program;
- A desire to apply tax law uniformly;
- Concerns about the reinstatement of a lien on a third party's property; and
- A belief that landowners understood their options but chose to withdraw the land anyway.

These findings come from both the Department's formal decision and post-decision correspondence with the landowners.  Together they demonstrate a rational basis for the Department's rejection of landowners' request.

The question for this court is whether there is jurisdiction over the Tax Department's decision to deny relief to landowners.  Originally, this appeal was taken pursuant to § 5883 and V.R.C.P. Rule 74, but if the

---

[5] Similarly, § 5884 is inappropriate as it deals with petitions by taxpayers for refunds where their payments exceed their tax liability.  Here the challenge is not to the amount paid but to the entire liability.

statutory basis of § 5883 is taken away, so goes landowners' right to a Rule 74 appeal. V.R.C.P. 74 ("This rule shall apply whenever any party is entitled by statute to seek review of, or appeal from, the decision in a proceeding . . . ."). So if Rule 74 is not available, then the Department's decision must be reviewed under Rule 75.

This means that the court has jurisdiction to review the present case and a motion to dismiss under Rule 12(b)(1) is inappropriate. This appeal, however, is limited to a review of the Department's "quasi-judicial action and confined to addressing substantial questions of law affecting the merits of the case." Molesworth v. Univ. of Vt., 147 Vt. 4, 7 (1986). It is not an opportunity for either party to revisit the Department's factual findings, add new evidence to the record, or argue that the Department should have considered the evidence differently. Id. at 6. Given the legal questions remaining, the main issue appears to be whether the Department acted within its authority in refusing landowners' petition to revoke their Notice of Development and Discontinuance.

Based on the foregoing, the Department of Taxes' Motion for Dismissal for Lack of Jurisdiction is Denied.

Dated at Burlington, Vermont this ____ day of July, 2005.

_____
Hon. Richard W. Norton
Presiding Judge