Garbitelli v. Town of Brookfield, No. 21-1-10 Oecv (Eaton, J., Dec. 15, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Orange County | Docket No. 21-1-10 Oecv |

Michael Garbitelli
      Plaintiff

v.

Town of Brookfield
      Defendant


Decision re: Complaint for Review of Governmental Action

Plaintiff Michael Garbitelli seeks court review of a decision of the Town of Brookfield Board of Abatement denying his request for property tax abatement.

Mr. Garbitelli owns real property in Brookfield. During the 2007 town-wide reappraisal, he refused to permit the town listers to inspect the property, and the town subsequently valued his property at more than $1.6 million dollars. Mr. Garbitelli appealed the assessment, but the appeal was dismissed after Mr. Garbitelli refused to permit the state appraiser to inspect anything other than the foyer and the basement. In affirming the dismissal of the appeal, the Vermont Supreme Court explained that the limited inspection allowed by Mr. Garbitelli was "not enough to provide the state appraiser with evidence sufficient to overcome the presumption" in favor of the town's assessment. *Garbitelli v. Town of Brookfield*, 2009 VT 109, ¶ 11, 186 Vt. 648 (mem.).

Mr. Garbitelli then filed another grievance in 2009, but this time permitted the town listers to inspect the property. After inspection, the listers reduced the fair market value to $957,000. Mr. Garbitelli then sought a hearing before the town board of abatement to request a reduction in taxes for 2007 and 2008 based upon the new valuation. He argued that the reduced valuation showed that the 2007 valuation was clearly "a manifest error or a mistake of the listers." 24 V.S.A. § 1535(a)(4).

The board denied the request after hearing. In a written decision, the board explained that there was no mistake attributable to the listers: after plaintiff prevented the town from inspecting the property, it was appropriate for the listers to value the property using the best information that was available to them. The board also explained that the abatement procedures were not a substitute for the procedures for appealing property valuations.

Mr. Garbitelli now seeks judicial review of the board's decision under V.R.C.P. 75. He argues that the board's decision was arbitrary and capricious, and that it was error for the board to treat the disparity in assessments as "self-inflicted." He asks this court to

find a mistake on the part of the listers, to grant him a reduction in taxes for the tax years 2007 and 2008 based on the current assessment, and to prohibit the town from attempting to collect taxes based on the 2007 and 2008 assessments.

At the status conference held in August 2010, the parties disagreed about the applicable scope of review, and about whether a court trial would be needed to determine the issues presented. The parties thereafter submitted legal memoranda and motions that can be construed as cross-motions for summary judgment.

Rule 75 is the modern equivalent of the extraordinary writs that existed at common law, including mandamus, certiorari, and prohibition. A complaint seeking review of governmental action must therefore seek relief "in the nature of" one of the common-law writs. *Hunt v. Village of Bristol*, 159 Vt. 439, 440–41 (1992). In this case, plaintiff seeks review of a decision of a town board of abatement, and thereby seeks relief in the nature of certiorari. *Chapin Hill Estates, Inc. v. Town of Stowe*, 131 Vt. 10, 13 (1972).

Review in the nature of certiorari is confined to questions of law affecting the merits of the case. *Ahern v. Mackey*, 2007 VT 27, ¶ 8, 181 Vt. 599 (mem.). As such, the review does not involve a de novo hearing, but rather is based upon the record that was created before the town board. *Hunt*, 159 Vt. at 440–41; *Molesworth v. Univ. of Vermont*, 147 Vt. 4, 6–7 (1986). It is true that the court may take testimony as needed to supplement the record and facilitate appellate review, but this is appropriately done only when the record has not been adequately preserved. *State v. Forte*, 159 Vt. 550, 554–55 & n.2 (1993); *Chapin Hill Estates*, 131 Vt. at 13. Even then, the need for additional evidence depends upon the specific legal issues raised by the petitioner and the particular circumstances of the case, and any additional evidence is relevant only to the extent that it sheds light upon the precise manner in which the board is alleged to have acted outside the bounds of its authority. *Rhodes v. Town of Woodstock*, 132 Vt. 323, 324–25 (1974).

Here, the board issued a written decision explaining its denial of taxpayer's request for abatement, and thus there is no factual dispute about what the board decided or the grounds upon which the decision was made. Nor are there any disputes about the facts of the case. As such, there is no need to take additional testimony in this case, and the record is sufficiently established to support a decision on the merits by this court on the memoranda already filed. *Hunt*, 159 Vt. at 442.

The parties agree that tax abatement is an equitable remedy, and the statute makes clear that the board of abatement has discretion to determine whether abatement should be granted in any particular case. See 24 V.S.A. § 1535(a) (explaining that "[t]he board may abate in whole or part taxes, interest, and collection fees . . . accruing to the town in the following cases") (emphasis added). As such, the scope of this court's review is confined to determining whether the board's decision was an abuse of discretion, *Hunt*, 159 Vt. at 441 (quoting *Royalton College, Inc. v. State Board of Education*, 127 Vt. 436, 447–48 (1969)), and for the following reasons, the court does not find any abuse of discretion here.

2

First, the statute authorizes abatement upon a finding of a "manifest error or a mistake of the listers." 24 V.S.A. § 1535(a)(4) (emphasis added). Here, as the board explained, the situation was not the result of any mistake on the part of the listers, but rather the taxpayer's own decision to prevent the town from inspecting the property. If there was incomplete information about the property at the time of the valuation, therefore, it was the result of the taxpayer's own conduct and not the result of any fault on the part of the listers. Given the statute's emphasis that any error or mistake must be attributable to the listers, there was no abuse of discretion in determining that abatement should not be granted here.

Second, the abatement procedures are not meant to provide a second opportunity to appeal property valuations. In this case, plaintiff already sought court review of the 2007 assessment, and his appeal was dismissed because he did not provide the state appraiser with enough information to overcome the presumption that the town's valuation was correct. *Garbitelli*, 2009 VT 109, ¶ 11; *Rutland Country Club v. City of Rutland*, 140 Vt. 142, 145 (1981). It was not an abuse of discretion for the board to conclude that the question of valuation had already been determined in this case, and that the abatement procedures should not be used as another opportunity to litigate the fair market value of the property.

Finally, the record does not support plaintiff's argument that the board misconstrued his request for abatement. Plaintiff's essential claim is that the 2007 and 2008 assessments were mistaken. As explained in more detail above, the board considered the evidence relative to this claim and determined that there was no mistake in the assessments that was attributable to the town listers. Because this determination was well within the board's discretion, and supported by both the evidence and the abatement statute, plaintiff is not entitled to relief in the nature of certiorari.

## ORDER

For the foregoing reasons, defendant Town of Brookfield's motion for summary judgment is granted. Plaintiff Michael Garbitelli's motion for summary judgment is denied. A final judgment order shall issue separately.

Dated at Chelsea, Vermont this _____ day of December, 2010.

_____
Hon. Harold E. Eaton, Jr.
Superior Court Judge