VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-114



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,  2024

| | |
|---|---|
| Perry Green* & Sheila Green* v. Town of Manchester | }    APPEALED FROM:<br>}<br>}    Property Valuation and Review<br>}    CASE NO. PVR 2023-14 |

In the above-entitled cause, the Clerk will enter:

Taxpayers appeal pro se from the valuation of their property for purposes of the Town of Manchester's 2023 grand list.  We affirm.

The Town assessed taxpayers' property at $1,104,400 as part of a townwide reappraisal in 2023.  Following a grievance hearing, the assessor lowered the value to $811,100.  Taxpayers appealed to the Board of Civil Authority (BCA), which increased the value to $1,104,400.  Taxpayers then appealed to the Division of Property Valuation and Review (PVR), which considered the matter de novo.  See generally 33 V.S.A. §§ 4461-4469.

In proceedings before the PVR hearing officer, "when a town produces evidence of fair market value, there is a basic presumption that a town's appraisal is valid and legal."  Jackson Gore Inn v. Town of Ludlow, 2020 VT 11, ¶ 35, 211 Vt. 498 (quotations omitted).  "Taxpayers therefore have the initial procedural burden of overcoming this presumption by producing evidence fairly and reasonably tending to show that [their] property was [appraised] at more than fair market value."  Id. (quotation omitted).  "This . . . 'bursting bubble' presumption" can be rebutted by "[a]ny admissible evidence," Woolen Mill Assocs. v. City of Winooski, 162 Vt. 461, 463 (1994), and "[u]pon the introduction of such evidence, the presumption disappears," Rutland Country Club, Inc. v. City of Rutland, 140 Vt. 142, 145 (1981).  The taxpayer nonetheless retains "the burden of persuasion . . . as to all contested issues."  Rutland Country Club, 140 Vt. at 146.  Where the presumption has been overcome, the town must "produce evidence to justify the appraisal," which can include substantiating "the appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable properties within the town."  Id. (quotation omitted).  The factfinder must then weigh the town's evidence against that submitted by the taxpayer in determining fair market value (FMV).

Following a hearing and a property inspection, a hearing officer here determined that taxpayers rebutted the presumption with several exceptions noted below.  The hearing officer made corrections to the Town's square-footage data based on her inspection.  She set the equalized FMV of the property at $1,067,600.

In reaching her decision, the hearing officer made the following findings. The subject property consists of two acres of land, a residence with attached garage, and a detached shed. The residence, which has a mansard roof, was built in 2004. It is one-and-three-quarter stories and has a living area of 4260 square feet. The attached three-car garage is one story with a large attic space accessible only by a narrow, folding pull-down ladder.

Taxpayers argued that the unique size and style of their home, as well as accessibility modifications they made, reduced the home's market value. When taxpayers initially grieved the assessment to the Town, the assessor reduced the FMV based on the home's uniqueness. The assessor noted that the reduction at that point was fully subjective and not based on any evidence. In the de novo proceeding before the hearing officer, the Town asserted that the style of the home did not reduce the market value. The hearing officer found no evidence or support for a market-value reduction based on the house style or the adaptations in the home, such as electrical lifts for the stairs. She noted that the house was on the larger size among comparable sales, but she did not find the size excessive. The hearing officer determined that taxpayers failed to overcome the presumption of validity of the Town's position on this point.

As noted above, the hearing officer found data errors in the Town's calculation of the home's finished square footage, most prominently regarding the second-floor area of the garage, which was not habitable and could not be included in data as square feet of living area. As to FMV, the Town provided evidence of recent sales and identified those it considered most comparable. The hearing officer determined that the market evidence provided by the Town supported the value of the price per square foot used by the Town in its assessment and found its evidence persuasive. To calculate FMV, she added the value of the building ($881,465 rounded to $881,500), the shed ($1100), and the land (valued at $185,000), for a total of $1,067,600. The equalization ratio was 100% given the Town-wide reappraisal in 2023. Taxpayers appeal from this decision.

Taxpayers argue that the hearing officer erred in looking to the Town's assessed value of $1,104,400, rather than the reduced value found by the assessor following their grievance. As indicated above, the reduced value was based on the assessor's subjective determination regarding the home's uniqueness. Taxpayers assert that their home is unique and that there is a limited market for it. Taxpayers also challenge the findings regarding the home's square footage, citing their own measurements. They contend that the hearing officer should have deducted from the total square footage the area of the stairs from the main level to the attic. Taxpayers also take issue with the hearing officer's valuation of the shed. They assert that they were told by the Town before they purchased the shed that it would have no tax consequences due to its size. According to taxpayers, the FMV of their property is $720,000 as stated by their real estate broker.

We review the hearing officer's decision "to ensure that [it is] supported by findings rationally drawn from the evidence and [is] based on a correct interpretation of the law." Barrett v. Town of Warren, 2005 VT 107, ¶ 5, 179 Vt. 134. We will uphold the findings unless clearly erroneous, mindful that it is the hearing officer's province to assess the credibility of witnesses and weigh the evidence. Barnett v. Town of Wolcott, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.). We find no error here.

First, we emphasize that the proceeding before the hearing officer "was a de novo hearing, which we have consistently held requires the [hearing officer] to try the dispute anew, as though it had never been heard before." Shaffer v. Town of Waitsfield, 2008 VT 44, ¶ 10, 183 Vt. 428 (citation and quotation omitted). "This means that the Town was not limited to

2

proffering—and the [hearing officer] was not limited to considering—only such evidence as was presented below, and that the appeal presented taxpayers with the risk of increase as well as the chance of decrease." Id. (citation and quotation omitted).

The hearing officer found the Town's evidence of FMV more persuasive than the evidence submitted by taxpayers and used the price per square foot in the Town's assessment. The Town's assessment was not "nullified," as taxpayers assert, and we are not here concerned with any of taxpayers' challenges to the BCA's review. While the Town initially reduced the FMV based on subjective considerations, it took a different position in the de novo proceeding before the hearing officer. The hearing officer explained why she was unpersuaded that the home's "uniqueness" required a reduction in value. While taxpayers disagree with her conclusion, we leave it to the factfinder to weigh the evidence. See Barnett, 2009 VT 32, ¶ 5.

Taxpayers fail to show that the hearing officer erred in calculating the home's square footage. The hearing officer recognized that both parties provided information about the buildings, with discrepancies. The differences involved the second-level square footage of living area, the central eight-by-eight floor-to-roof atrium, the stairwell, and the second floor of the attached garage. The hearing officer corrected the Town's square footage data based on her inspection. She was unpersuaded by taxpayers' assertion that the home's stairwell reduced the square footage of the second level. The hearing officer found that the stairwell in all houses is incorporated into the living space square footage for each floor, as it is a necessary component of internal finished living area. Taxpayers disagree with this finding, but they fail to show that it is clearly erroneous.

We similarly reject taxpayers' assertion concerning the tax consequences of the shed. Taxpayers do not cite to any evidence in the record to support their assertion that the Town informed them, prior to the purchase of the shed, that it would not be taxed. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (recognizing that "our review is confined to the record and evidence adduced at trial," and "[o]n appeal, we cannot consider facts not in the record"). Nor do taxpayers show that they raised this argument below. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented [below] are not preserved for appeal."). We find no error in the hearing officer's determination of the property's FMV.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice