### Margery Heindel v. Town of Grafton

[435 A.2d 695]

No. 258-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

148

*Frederick Pope, Jr.*, Brattleboro, for Plaintiff.

*Gale, Gale & Barile,* Brattleboro, for Defendant.

Billings, J. This is an appeal by the taxpayer from the trial court's dismissal of her tax appeal contesting the 1979 appraisal of her real estate in the Town of Grafton.

In 1976 there was a general reappraisal of all properties in the Town, and the appellant's property was appraised at $43,900.00. On appeal to the director of the Division of Property Valuation and Review, 32 V.S.A. § 4461(a), and after hearing by the State Appeals Board, 32 V.S.A. § 4465 et seq., the appraisal was reduced to $35,900.00. Pursuant to 32 V.S.A. § 4468 this appraisal was fixed for the two ensuing years, 1977 and 1978. In 1979, pursuant to 32 V.S.A. § 4041, the appellant's property was reappraised by the listers and set at $44,050.00. On appeal to the Board of Civil Authority, 32 V.S.A. § 4404(c), this appraisal was reduced to $43,900.00. The appellant appealed this appraisal to the Windham Superior Court. 32 V.S.A. § 4461(a). Upon hearing before the superior court the appellant presented no evidence as to the fair market value of her property in 1979. The Town presented one witness, the chairman of the board of listers, who was also a part-time real estate appraiser. He testified, without objection, as to the appraisal of the appellant's property and the

methods used and also as to his opinion of the fair market value. After hearing, the trial court made findings of fact and conclusions of law and dismissed the appeal. The taxpayer now appeals this order.

The appellant contends that an appraisal fixed after a successful appeal cannot be changed, after the three-year freeze of 32 V.S.A. § 4468, absent a general reappraisal, or improvements to the property which increase its value. She argues that to do otherwise would violate the proportional contribution clause of the Vermont Constitution. Ch. I, Art. IX.

This clause requires that property in a town be assessed at a uniform rate. *Brown* v. *Town of Windsor*, 139 Vt. 129, 422 A.2d 1268 (1980). This does not mean that a town may not reassess certain properties. It does prohibit a town from reassessing property if the effect is a departure from a uniform rate. A taxpayer may appeal such an assessment to the superior court. 32 V.S.A. § 4461(a). The taxpayer may then show that his property is assessed at a higher percentage of fair market value than comparable properties in the town. If this is the case, the court must list the taxpayer's property at a corresponding value. *Brown* v. *Town of Windsor, supra; Rutland Country Club, Inc.* v. *City of Rutland*, 137 Vt. 590, 409 A.2d 591 (1979). In an appeal under 32 V.S.A. § 4461(a), a presumption of validity and legality attaches to the actions of the board of listers. Once the town introduces the appraisal of the taxpayer's property into evidence the burden is on the taxpayer to overcome this presumption. The burden can be satisfied by the introduction of credible evidence fairly and reasonably tending to show that the property is assessed at more than fair market value, or that the assessment is at a higher percentage of fair market value than comparable properties. *Leroux* v. *Town of Wheelock*, 136 Vt. 396, 392 A.2d 387 (1978).

In the case at hand, the taxpayer did not offer any evidence of the fair market value of her property in 1979, or any evidence of a lack of uniformity. The trial court had no evidence to enable it to find any fair market value other than that set by the Board of Listers, or to find that the taxpayer's rights under the proportional contribution clause had been violated.

■

■    The appellant also argues that the trial court erred in allowing the chairman of the Town's Board of Listers to testify not only in his official capacity but also as an expert witness. The appellant made no objection to this testimony at trial, and the question is therefore not available for review. *Massucco* v. *Vermont College Corp.*, 127 Vt. 254, 261, 247 A.2d 63 (1968).

*Affirmed.*