### Devin Kruse v. Town of Westford

[488 A.2d 770]

No. 83-384

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

*Opinion Filed February 1, 1985*

*Stevens & Clark,* Winooski, for Plaintiff-Appellant.

*Spokes, Foley & Stitzel,* Burlington, for Defendant-Appellee.

**Peck, J.** Since 1980 plaintiff Devin Kruse has owned property in the Town of Westford which included 10 acres of land and a house, both of which he purchased for $66,000. The present controversy arose in 1982 when the listers of the Town of Westford (town) reappraised plaintiff's property at $74,800. Subsequent appeals to the listers and to the local board of civil authority reduced the appraisal to $71,400. Pursuant to 32 V.S.A. § 4461 plaintiff appealed the board's decision to the director of the property valuation and review division of the State Agency of Administration. The state board of appraisers (Board), appointed by the director to review the local board's assessment, found that plaintiff's property should be assessed at $71,400. From this determination he appeals to this Court. We affirm.

The plaintiff presents four claims for our review. First, he contends that the appraisal exceeds the fair market value; second, that the town failed to meet its burden of proof before the Board; third, that the Board's decision is not supported by sufficient evidence; and fourth, that the appraisal is unconstitutional.

In appeals taken to the state board of appraisers there is a presumption that the appraisal is valid and legal. *Rutland Country Club, Inc. v. City of Rutland,* 140 Vt. 142, 144, 436 A.2d 730, 731 (1981) (citing *New England Power Co. v. Town of Barnet,* 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976)). The burden then rests with the taxpayer to go forward with evidence to overcome the presumption. *Rutland Country Club, supra.* A taxpayer satisfies this burden when he introduces credible evidence fairly and reasonably tending to show that

his property was appraised at more than its fair market value. *Id.* at 145, 436 A.2d at 732. The standard by which the trier must weigh the facts sought to be used to overcome the presumption is not one of credibility but rather of admissibility: "Does the fact offered in proof afford a basis for a rational inference of the fact to be proved?" *Id.* at 146, 436 A.2d at 732 (citing *Tyrrell* v. *Prudential Insurance Company of America,* 109 Vt. 6, 21, 192 A. 184, 191 (1937)).

■ In the case at bar, the testimony offered by plaintiff was sufficient to overcome the presumption and "burst the bubble"; the presumption disappeared. Plaintiff overcame the presumption by introducing credible evidence tending to show his property was appraised at more than fair market value. This evidence included comparison with another residential property on a ten-acre lot which had been appraised at $65,600.

■ Even after the presumption of validity disappears, the burden of persuasion* on all contested issues remains with the taxpayer; it does not shift to the town. *New England Power Co., supra,* at 508, 367 A.2d at 1369. The burden of persuading the trier of fact that his property is over-assessed, which is the underlying issue, remains with the taxpayer throughout the entire proceeding. *Id.*

■ Once the presumption of validity is overcome by the taxpayer, the town must produce evidence to justify its appraisal. *Rutland Country Club, supra,* at 146, 436 A.2d at 732. At the conclusion of all the evidence, the Board must weigh the

---

* Because plaintiff employs the phrase "burden of proof" rather than "burden of persuasion" more commonly employed in these property tax cases, it is desirable to note here that the term "burden of proof" describes two different concepts; first, the "burden of persuasion" which does not shift from one party to the other at any stage of the proceeding and second, the "burden of going forward with the evidence" which may shift back and forth between the parties as the trial progresses. *Ambrose* v. *Wheatley,* 321 F. Supp. 1220, 1222 n.6 (D. Del. 1971); *People* v. *Ziltz,* 98 Ill. 2d 38, 43–44, 455 N.E.2d 70, 72 (1983); *State* v. *Robinson,* 47 Ohio St. 2d 103, 107, 351 N.E.2d 88, 91 (1976). Vermont cases recognize this dual nature of "burden of proof" without having had an occasion to state it expressly. *Welch* v. *Town of Ludlow,* 136 Vt. 83, 86, 385 A.2d 1105, 1107 (1978); *New England Power Co.* v. *Town of Barnet, supra,* at 507–08, 367 A.2d at 1369.

town's evidence against that of the taxpayer. *Id.* The town can prevail by either " 'demonstrating that the method of appraisal substantially complied with the relevant constitutional and statutory requirements, or [by substantiating] the appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable properties within the town.' " *Id.* (quoting *Leroux* v. *Town of Wheelock,* 136 Vt. 396, 398, 392 A.2d 387, 389 (1978) ).

## I.

█ █    Plaintiff's first contention is that the appraisal value exceeds fair market value and therefore his property is incorrectly appraised. 32 V.S.A. § 3481. As indicated above, the town can prevail before the Board by substantiating its appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable property. *Leroux, supra.* In this case the town compared the plaintiff's property to the one neighboring property offered by plaintiff as comparable. The town's expert testified that the comparable property was smaller and, unlike plaintiff's, was without a garage or fireplace. Thus, the town offered the type of evidence which, under the law, could be used to substantiate its assessment. This Court's function on appeal is to scrutinize the Board's actions in conducting its de novo review under 32 V.S.A. § 4467. We hold that the Board's finding of fair market value is supported by credible evidence and will not be disturbed. *Connors* v. *Town of Dorset,* 134 Vt. 233, 235, 356 A.2d 536, 537 (1976).

## II.

█    Plaintiff's second claim is that the burden of proof as to the appraisal shifts to the town once the taxpayer overcomes the presumption of validity. We do not agree. As indicated above, we have held, and affirm here, that even after the presumption disappears, as it did in this case, the burden of proof, in the sense of burden of persuasion, on all contested issues remains with the taxpayer. *Jeffer* v. *Town of Chester,* 142 Vt. 23, 26, 451 A.2d 823, 824 (1982). Therefore, the town met its burden of producing evidence when its expert testified regarding the comparable property.

### III.

Plaintiff's next claim is that there was insufficient evidence to support the Board's decision. In support of his claim he asserts that the Board had a duty to make specific findings concerning comparable properties and cannot "merely state that inequities exist." *Town of Walden* v. *Bucknam,* 135 Vt. 326, 328, 376 A.2d 761, 763 (1977). In the instant case the record discloses clearly that the Board did make specific findings concerning the comparable property.

Plaintiff next directs our attention to the fact that the Board did not make findings concerning the various alleged structural or functional deficiencies brought to light by his evidence. However, the law requires only that the Board sift the evidence and make findings sufficient to indicate to the parties how it reached its ultimate conclusion. *Rutland Country Club, supra,* at 146, 436 A.2d at 732. The Board satisfied this obligation.

As additional support for his claim that the Board relied on insufficient evidence, plaintiff attacks the accuracy of the findings concerning the property comparison. The Board found that the comparable did not have a garage or fireplace while the subject property had both. Further, the Board found the plaintiff's property contained 880 square feet and the comparable property 656 square feet. He asserts that these findings are either wrong or misleading.

The evidence showed that the subject property contained a fireplace. The plaintiff asserts that this bare finding is misleading since it does not take into account the testimony of the town's witness that the fireplace is offset by the comparable's superior view. The testimony of the witness is somewhat ambiguous on the point. Nevertheless, assuming plaintiff is correct, the Board, as the trier of fact, is under no obligation to accept, interpret, or apply evidence in accordance with the views of either party. The weight, credibility and persuasive effect of the evidence is for the Board to determine. *Cook* v. *Department of Employment & Training,* 143 Vt. 497, 501, 468 A.2d 569, 571 (1983).

Contrary to the Board's finding, plaintiff claims that his property does not have a garage, that the space referred to

by the Board as a garage is merely a place used to store wood and a washing machine, not a place to keep an automobile. It is true that the town's evidence indicated that plaintiff was not assessed as having a garage. For appraisal purposes the town considered the "garage" to be a basement. The town's listers noted that plaintiff's house was assessed for a half basement while the comparable was assessed for a quarter basement. Thus, even if the plaintiff's property did not include a garage, as such, it did contain a larger basement area. In any case, any technical error the Board may have made in its finding regarding the plaintiff's "garage" does not require reversal given the other distinctions between the properties found by the Board. Even an erroneous finding will not, in itself, require reversal if there are other adequate findings that support the result. *In re Johnston*, 145 Vt. 318, 323, 488 A.2d 750, 753 (1985).

In support of his claim that the Board's decision is supported by insufficient evidence, plaintiff disputes the finding that his residence has 880 square feet while the comparable has 656 square feet. He points out that the evidence indicates these figures measure only the ground levels of the two buildings; nevertheless, we find no evidence on the record, presented by either party, indicating the total area measurements. In the absence of such evidence the Board cannot be faulted for its use of ground floor measurements in support of its ultimate conclusion.

## IV.

Finally, plaintiff claims the appraisal of his property is unconstitutional under chapter I, article 9 of the Vermont Constitution which provides, in part, "[t]hat every member of society hath a right to be protected in the enjoyment of life, liberty, and property, and therefore is bound to contribute his proportion towards the expence of that protection . . . ." We have interpreted this clause to mean that property in a town must be appraised at a uniform rate. *Heindel* v. *Town of Grafton*, 140 Vt. 147, 149, 435 A.2d 695, 696 (1981). Further, as plaintiff points out, if a taxpayer shows that his property is appraised at a higher percentage of fair market value than comparable properties in the town, the taxpayer's property must be listed at a corresponding value. *Id.*

█ Plaintiff offered evidence that, for the years 1980 and 1981, his property was appraised at 108% of its 1980 selling price, while all other residential home sales in Westford over $50,000 were appraised at an average of 106% and 103% above selling price. Assuming this to be correct, it does not aid him. The past selling price of realty does not necessarily equate with present fair market value. Moreover, there is no indication on the record that the properties which sold for over $50,000 were comparables. The challenged appraisal is not unconstitutional.

*Affirmed.*