## Caryl and Sallie Adams v. Town of West Haven

[523 A.2d 1244]

No. 84-476

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 23, 1987

*Caryl T. and Sallie K. Adams*, pro se, Fair Haven, Plaintiffs-Appellants.

*Therese M. Corsones* of *Corsones & Hansen*, Rutland, for Defendant-Appellee.

**Allen, C.J.** This is an appeal by plaintiffs Caryl and Sallie Adams (taxpayers) from a decision by the State Board of Appraisers (Board) finding the fair market value of taxpayers' property to be $69,300 and its listed value, for tax purposes, to be $63,000. We reverse and remand.

Taxpayers own 150 acres in West Haven on which a two-story stone dwelling, an attached shed, and a small camp are located. In May, 1983, the Town of West Haven's townwide reappraisal raised the fair market value of taxpayers' property from $13,772 to $86,800. A grievance to the Board of Listers resulted in a reduction of the listed value of taxpayers' property from $86,800 to $84,550. An appeal to the Board of Civil Authority (BCA), 32 V.S.A. § 4404, led to a reduction in the listed value of the property from $84,550 to $69,250. Further appeal to the Director of the Division of Property Valuation and Review, 32 V.S.A. § 4461, from the BCA decision, led to a hearing before the Board and a reduction in listed value from $69,250 to $63,000. This appeal is from the Board's decision.

Taxpayers raise three related claims. First, they argue that the findings of fact and conclusion of the Board were erroneous; second, that the Board erred in not adopting the taxpayers' evidence on the fair market value of their property; and third, that the Board's method of determining land values was erroneous because it considered taxpayers' property in bulk. We find the Board's findings to be insufficient, inconsistent, and contrary to the evidence presented at the hearing.

Taxpayers essentially argued before the Board that the listed value of their home, given its condition, had been set too high when compared with similar properties, and that their land had been overappraised when compared with similar lands adjacent to their property and at other locations in West Haven.

■■ A presumption that an appraisal is valid and legal accompanies a taxpayer's appeal to the Board. *Kruse* v. *Town of Westford*, 145 Vt. 368, 371, 488 A.2d 770, 772 (1985). The burden rests on the taxpayer to go forward with evidence to overcome this presumption. *Id.*; *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 507, 367 A.2d 1363, 1369 (1976). If the taxpayer introduces "credible evidence fairly and reasonably tending to

show that his property was appraised at more than its fair market value," the presumption disappears. *Kruse,* 145 Vt. at 371-72, 488 A.2d at 772. Once the presumption of validity is overcome by the taxpayer, it is up to the town to introduce evidence that justifies its appraisal.* In a tax assessment appeal, the Board must determine "whether the listed value of the property corresponds to the *listed value* of comparable properties within the town. *Kachadorian* v. *Town of Woodstock,* 144 Vt. 348, 350, 477 A.2d 965, 967 (1984) (emphasis added); 32 V.S.A. § 4467. Valuation for purposes of taxation under 32 V.S.A. § 4467 is "fair market value, reduced or increased if necessary to correspond to valuations of comparable properties." *New England Power Co.,* 134 Vt. at 505, 367 A.2d at 1367-68.

In the present case, taxpayers' expert presented evidence of values of at least six other houses and three other parcels of land located in West Haven that were comparable to taxpayers' property. The Board nevertheless found that "[i]nasmuch as the dwelling on the subject property is the only house of stone construction in the Town, the property in its entirety must be considered unique."

There is no indication in the findings why the fact that taxpayers' residence was constructed of stone made the taxpayers' entire 150-acre piece of property "unique." Nor is there any indication why the land could not have been considered separately and compared with abutting land. A simple declaration that the property is unique does not satisfy the Board's duty of stating in its findings the basis for its conclusion. Findings of fact must state how a decision was reached in order to give a taxpayer reasons for the Board's result as well as to give this Court an adequate basis for review. *New England Power Co.,* 134 Vt. at 503, 367 A.2d at 1366.

■ Taxpayers have demonstrated that the Board's findings and opinion are inadequate. No specific reasons were given for finding taxpayers' property unique; no findings indicate whether or not the structural deficiencies in taxpayers' dwelling were considered; no findings indicate whether or not taxpayers' acreage was considered in bulk or by tillable acre. Even if findings on uni-

---

* The burden of persuasion remains with the taxpayer, however, on all contested issues. *Kruse,* 145 Vt. at 372 n., 488 A.2d at 773 n.; *New England Power Co.,* 134 Vt. at 508, 367 A.2d at 1369.

queness had been present, nothing indicates the basis of the equalization ratio which the Board applied.

Although our holding that the findings are inadequate is sufficient to reverse and remand, we note in passing that taxpayers have argued that their experts' testimony should have been accepted by the Board because of his qualifications. This is not the law. The weight to be given testimony, including the testimony of experts, is always within the discretion of the Board. See *New England Power Co.*, 134 Vt. at 504, 367 A.2d at 1370.

The purpose of findings, as stated above, is to allow an indication of how the ultimate conclusion is arrived at. *New England Power Co.*, 134 Vt. at 503, 367 A.2d at 1366. Where no indication of either the method of appraisal or the weight given to value factors presented in the evidence is given, the purpose fails. *Id.*

*Reversed and remanded.*