## Paul and Carol PHILBIN v. TOWN OF ST. GEORGE

[588 A.2d 1060]

No. 90-217

February 20, 1991. Taxpayers appeal from a decision of the State Board of Appraisers (Board) applying an equalization ratio of 71% to their home in St. George, which was calculated by averaging the equalization ratios of the taxpayers' property and one other property which the Board determined to be comparable within the meaning of 32 V.S.A. § 4467. We reverse and remand.

Taxpayers argue that in establishing an equalization ratio the Board could not limit the class of properties it would consider to those that would be "comparable" for purposes of establishing initial fair market value, that is, homes generally similar in such factors as size, age, description, condition, use, income and expenses, and surroundings. Though § 4467 uses the word "comparable," and that word is the touchstone to initial fair market valuation*, for purposes of establishing a correct equalization ratio "comparable" properties include all properties within the class of property to which the subject property belongs.

---

* See, e.g., *Kruse v. Town of Westford*, 145 Vt. 368, 373, 488 A.2d 770, 773 (1985) (citation omitted), where we said:

> [T]he town can prevail before the Board by substantiating its appraisal with independent evidence relative to the fair market value of the subject property and the listed value of comparable property. In this case the town compared the plaintiff's property to the one neighboring property offered by plaintiff as comparable.

See *Alexander v. Town of Barton*, 152 Vt. 148, 156, 565 A.2d 1294, 1299 (1989).

The Board in the present case claims to have used two "comparable" properties to establish its equalization ratio, but in fact one of those "comparables" was taxpayers' property. Even if the Board had relied on two independent properties it considered "comparable" to that of taxpayers, the record reflects that the Board rejected nine other properties within the same class as that of taxpayers, solely on grounds that none of the nine was "comparable" to the subject property under criteria appropriate for initial fair market valuation. The illogic of using "valuation comparability" criteria as the predicate for selecting "comparable properties within the town" under § 4467 was succinctly stated in *Bowen v. Town of Burke*, 153 Vt. 131, 134-35, 569 A.2d 452, 454 (1989) (Dooley, J., concurring):

> The problem is that [initial valuation] comparability has nothing to do with equalization. If, for example, we determine that steep, wooded lots are not "comparable" to flat, meadow lots, that does not mean that it is acceptable to assess one kind of lot at 40% of fair market value and the other at 60% of fair market value.

As used in § 4467, "comparable properties within the town" means proper-

---

The town's expert testified that the comparable property was smaller and, unlike plaintiff's, was without a garage or fireplace. Thus, the town offered the type of evidence which, under the law, could be used to substantiate its assessment.

It is clear that in determining initial valuations, a "comparable" property is one that is generally similar to the subject property in such factors as size, age, description, condition, use, income and expenses, and surroundings.

ties of the same general class as the subject properties, even if the properties within the set selected for equalization analysis would not meet the initial valuation comparability criteria on the basis of factors like building size, age, description, condition, use, income and expenses, and surroundings.

In this case the Board unduly narrowed the class of comparable properties which it considered for equalization purposes, leaving "little likelihood that the average of the ratios of the properties is equal or close to the average of all ratios or the average of the ratios for properties within the class." *Id.* at 136, 569 A.2d at 454. The case must therefore be remanded for additional consideration of an appropriate equalization ratio under § 4467. We do not dictate how that task should be undertaken. As the court stated in *McKnight Shopping Center, Inc. v. Board of Property Assessment*, 417 Pa. 234, 241–42, 209 A.2d 389, 393 (1965), "[i]n considering whether or not a particular assessment is lacking in uniformity, however, a property owner, the taxing authority and the courts may rely on any relevant evidence." Thus, the description of the class, the determination of which properties fit that class, or the use of other evidence where the Board concludes that it lacks evidence of a statistically representative sample under § 4467 are all matters that are within the sound discretion of the Board. See *Sondergeld v. Town of Hubbardton*, 150 Vt. 565, 571, 556 A.2d 64, 68 (1988).

Taxpayers also argue that the Board committed what they characterize as a mathematical error in calculating the sales price of the property which the Board found to be comparable for equalization purposes. Since the matter is being returned to the Board, taxpayers' argument on this point should be directed to the Board.

*Reversed and remanded.*