*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-052

AUGUST TERM, 2011

| | | |
|---|---|---|
| Stephen Albrecht | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Property Valuation and Review |
| | } | Division |
| | } | |
| | } | |
| Town of Sunderland | } | DOCKET NO. PVR 2010-23 |

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals from the Vermont State Appraiser's valuation of his property in the Town of Sunderland. He argues that the appraiser erred by failing to adopt taxpayer's testimony as to value. We reverse and remand.

Taxpayer owns a 16.1-acre parcel, which includes a two-acre home site. The land is partially cleared and improved with a mobile home on a concrete slab, a drilled well, and in-ground septic. The property is not connected to the electrical distribution grid but is powered by solar panels. The town road servicing the property is only seasonally maintained. The town listers valued the property at $154,900. This value contained four components—the mobile home, the home site of two acres, the remaining land and the site improvements. The home site was graded at .82 and the remaining land at .6. The Board of Civil Authority sustained that valuation, and taxpayer appealed to the state appraiser. At the hearing, taxpayer testified that the property's value was $70,000 to $80,000 based on the cost of purchasing the property and making the improvements. Taxpayer contested the valuation for the home site portion of the assessment only, arguing that it was excessive and the grading was subjective. The Town clerk testified on behalf of the Town.[*] In regard to the home site valuation, she simply recited that the listers had given taxpayer's homesite a land grade adjustment of .82, but offered no explanation for that number. Neither party offered comparable properties. The state appraiser concluded that he was not persuaded by taxpayer's evidence and concluded that the Town's valuation was fair and equitable. Taxpayer appeals.

---

[*] There is confusion in the testimony for the Town. The state appraiser asked who would testify for the Town, and John Stuermer said he would testify. Mr. Stuermer's position was not identified although evidence indicates he is a member of the board of civil authority. After taxpayer testified, the Clerk of the Town began speaking for the Town and offering testimony, although Mr. Stuermer continued to speak and present evidence. No lister testified for the Town.

On appeal, we accord deference to decisions of the state appraiser and "will set aside the state appraiser's findings of fact only when clearly erroneous." Barnett v. Town of Wolcott, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.). Where the state appraiser's valuation is supported by some evidence from the record, "the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." Garilli v. Town of Waitsfield, 2008 VT 91, ¶ 9, 184 Vt. 594 (mem.) (quotation omitted).

Taxpayer argues that the Town overvalued his land and that his valuation of the property is more accurate. When a taxpayer appeals an assessment to the state appraiser, there is a presumption that the Town's assessment is valid. City of Barre v. Town of Orange, 152 Vt. 442, 444 (1989). If the taxpayer presents evidence that his property was appraised above fair market value, then the presumption disappears and "it is up to the town to introduce evidence that justifies its appraisal." Adams v. Town of West Haven, 147 Vt. 618, 619-20 (1987). Even when the presumption of validity disappears, however, the ultimate burden of persuading the appraiser of the correct appraisal "remains with the taxpayer." Id. at 620 n.*.

In this case, taxpayer asserts that his own testimony about the property's value was sufficient evidence to burst the presumption of validity in the Town's assessment. The Town argues that taxpayer's testimony was insufficient to overcome the presumption that the Town's valuation was correct.

We conclude that taxpayer's testimony provided sufficient evidence to burst the presumption of validity. See Crabbe v. Veve Assocs., 150 Vt. 53, 58 (1988) ("The owner of real property is competent to testify concerning its value."). Once the presumption of validity disappears, although the taxpayer retains the burden of persuasion, the Town is still required to produce some "evidence to justify its appraisal." Kruse v. Town of Westford, 145 Vt. 368, 372 (1985). Further, the appraiser must provide sufficient findings to support its decision. Adams v. Town of West Haven, 147 Vt. 618, 620 (1987).

This is an unusual case because neither side offered evidence of the valuation of comparable properties within the Town, and no lister or appraisal expert testified for the Town. The record demonstrates that the dispute came down to the valuation of the home site and the grading factor of .82 assigned by the listers. Once the presumption disappeared, the Town was required to show either "that it substantially complied with relevant statutory and constitutional requirements" or that its valuation was supported by independent evidence of fair market value. Littlefield v. Town of Brighton, 151 Vt. 600, 602 (1989). Here, it could show no independent evidence to support its valuation, and there was no evidence that its valuation represented fair market value as required by 32 V.S.A. § 3481(1) (appraisal shall be at fair market value).

As we have often stated, however, taxpayer retains the burden of persuasion, and in this case, the appraiser was not persuaded by the taxpayer's testimony that the fair market value of the property was between $70,000 and $80,000. As a result, even though the Town offered no evidence beyond a statement of how the listers reached their appraisal, the appraiser could reach an appraisal different from that testified to by the taxpayer. In doing so, however, the appraiser must specify how and why he reached the appraised value he did. The explanation must be grounded in the evidence including the view, however sparse that evidence may be, and cannot be based exclusively on the listers' action where there is no evidence supporting that action. Thus, on remand, the appraiser must make adequate findings to indicate "how the ultimate

conclusion is arrived at," including the method of appraisal he found credible and the weight given to the evidence presented. <u>Adams</u>, 147 Vt. at 621 (explaining that findings must be adequate to support valuation).

      <u>Reversed and remanded for proceedings consistent with this order</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

3