*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-216

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| Stephan L. Petrie | } | APPEALED FROM: |
| | } | |
| | } | Property Valuation and Review |
| v. | } | Division |
| | } | |
| | } | |
| Town of Colchester | } | DOCKET NO. PVR 2011-135 |

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals his property tax assessment. On appeal, he argues that the Town of Colchester erred in setting the fair market value of his property at $346,400 because the fair market value determination did not deduct for the seasonality of his home or the proximity to the interstate and relied on values of properties that were not comparable. We affirm.

Taxpayer owns 0.35 acres of land improved with a five-year-old, one-and-a-half story, single-family dwelling. The property is located on a private road, and there is lake access via a deeded right-of-way. The Town conducted a town-wide reassessment in 2011 and the listers valued the property at $346,400. Taxpayer grieved to the Board of Civil Authority, and the listed value was decreased to $331,600. Taxpayer appealed to the state appraiser.

At the hearing, taxpayer estimated that the fair market value of his property at between $225,000 and $250,000.[1] The Town submitted three comparable sale properties, and the grid analysis of those properties produced a fair market value of $318,500. The state appraiser conducted a site visit.

The state appraiser made one adjustment to the Town's assessment based on its finding that the Town had incorrectly measured the square footage. The state appraiser found that the gross living area was 3477 square feet rather than 3553 square feet as submitted by the Town. Other than another adjustment not at issue, the appraiser concluded that the Town's valuation was supported. The state appraiser found the Town's comparable sales analysis persuasive. Based on this, in combination with the valuation from the cost approach, the state appraiser concluded that the fair market value of taxpayer's property is $320,000, and, applying the Town's equalization ration of 97.59% set the listed value at $312,300. Taxpayer appeals.

When a taxpayer grieves an assessment to the state appraiser, there is a presumption that the Town's assessment is valid. City of Barre v. Town of Orange, 152 Vt. 442, 444 (1989). If

---

[1] Taxpayer did not order a transcript of the proceedings so we accept the state appraiser's statement regarding the valuation taxpayer presented at the hearing. Taxpayer's appellate brief asserts that the property should be assessed at $215,000, but we do not consider this amount because our review is limited to the evidence submitted below.

the taxpayer presents evidence that his property was appraised above fair market value, then the presumption disappears and "it is up to the town to introduce evidence that justifies its appraisal." Adams v. Town of West Haven, 147 Vt. 618, 619-20 (1987). Even when the presumption of validity disappears, however, the ultimate burden of persuading the court that the Town's appraisal is incorrect on all contested issues "remains with the taxpayer." Id. at 620 n.*.

Here, the state appraiser agreed that taxpayer had submitted sufficient evidence to overcome the Town's presumption of validity, but was not persuaded by taxpayer's evidence. On appeal, we accord deference to decisions of the state appraiser and "will set aside the state appraiser's findings of fact only when clearly erroneous." Barnett v. Town of Wolcott, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.). Where the state appraiser's valuation is supported by some evidence from the record, "the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." Garilli v. Town of Waitsfield, 2008 VT 91, ¶ 9, 184 Vt. 594 (mem.) (quotation omitted).

Taxpayer argues that the decision is erroneous because the state appraiser failed to account for the fact that his house is a seasonal home, is land-locked without lake access, and is located close to the interstate. He also contends that the comparable properties used by the Town were inappropriate due to differences in location and size. Upon review of the record, we conclude that taxpayer has failed to meet his burden of demonstrating that the state appraiser erred in valuing his property. See Lake Morey Inn Golf Resort, Ltd. P'ship v. Town of Fairlee, 167 Vt. 245, 248 (1997) (noting that if record contains any evidence in support of real property valuation, taxpayer bears burden of demonstrating that appraiser's exercise of discretion was clearly erroneous). On the issue of water access, the state appraiser included water access as a characteristic of the property based on the fact that taxpayer's deed included a right-of-way for water access. While taxpayer asserts that this access is not in actuality available and not on the tax map, it was not error for the state appraiser to rely on the deed and include this access as an attribute of the property.

In addition, the state appraiser did not err in relying on the Town's direct sales comparison. The Town's comparable sales analysis included three other homes in the Town and factored in differences between taxpayer's and the comparable properties including the size of lot, the improvements thereon, the square footage, and the site condition. The state appraiser accounted for seasonality of taxpayer's home in this analysis when he found that an impediment to occupying taxpayer's residence full time is the lack of a sprinkler system and based on the Town's evidence found that the cost of this was $10,800.[2] This amount was deducted from the value of the comparable sales. It was within the state appraiser's discretion, as the trier of fact, to determine the weight, credibility, and persuasive effect of the evidence. Here, the appraiser found the Town's cost-approach and sales analyses, and the factors underlying them, to be

---

[2] On appeal, taxpayer asserts that the cost of the sprinkler system is higher than $10,800. Because taxpayer has failed to order a transcript of the hearing, he has waived any challenge to the sufficiency of appraiser's findings. In re S.B.L., 150 Vt. 294, 297-98 (1988); see V.R.A.P. 10(b)(1) (stating that "[b]y failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary"). In addition, to the extent this amount is supported by evidence not presented to the state appraiser, it is not part of the record on appeal. Our review is based on the evidence submitted to the state appraiser and we will not consider new evidence on appeal.

reliable and supported by the evidence, and taxpayer has not demonstrated that its findings in this regard were "clearly erroneous."  Lake Morey Inn, 167 Vt. at 248.

       Affirmed.

                                         BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice