*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2013-439

JUNE TERM, 2014

| | | |
|---|---|---|
| Thomas and Ann Edwards | } | APPEALED FROM: |
| | } | |
| | } | Property Valuation and Review |
| | } | Division |
| v. | } | |
| | } | |
| Town of Stowe | } | DOCKET NO. PVR 2012-133 |

In the above-entitled cause, the Clerk will enter:

The Town of Stowe appeals a determination by a hearing officer of the Division of Property Valuation and Review (PVR) that taxpayer's property has a fair market value of $2,614,400. On appeal, the Town argues that (1) the hearing was rendered unfair after the hearing officer attempted to negotiate a settlement between the parties, (2) the hearing officer improperly relied on information in appraisal reports that were hearsay, and (3) the hearing officer erred in making adjustments to the comparable sales using "typical adjustments" rather than record evidence. We affirm.

The basic facts are not disputed. Taxpayers own a 0.34 acre lot improved with a single-family dwelling, which was constructed in 2006. The house contains 4820 square feet of living area with a 1090 square-foot improved basement. The home has various additional features, including four covered porches, an attached two-car garage, and five gas fireplaces. A town-wide reappraisal was conducted in 2012, and the listers set the 2012 listed value at $2,934,900. Following taxpayers' appeal, the board of civil authority affirmed. On appeal to PVR, taxpayers presented two appraisal reports that were prepared for their lending institution. Taxpayers testified that the fair market value of the property was the average of these two appraisals, $2,450,000. The Town submitted a sales grid analysis and contended that the fair market value was $2,950,000. The hearing officer conducted a site visit of the property, and viewed the comparable sale properties.

The hearing officer found that the highest and best use of the property was as a single-family residence. The hearing officer concluded that although taxpayers had overcome the presumption of validity enjoyed by the Town, taxpayers failed to prove that the fair market value was $2,450,000. The hearing officer examined the comparable sale properties located in the two appraisals submitted by taxpayers, and those in the Town's sales grid analysis. The hearing officer noted that the adjustments for various differences between comparable sale properties and taxpayers' property differed considerably between the Town's analysis and the two appraisals offered by taxpayers. The court then listed what are "[t]ypical adjustments" for various amenities. The court used several of the properties that it found to be similar, applied the typical adjustments, and arrived at a median value of $2,614,400. The hearing officer determined that this was the best evidence of fair market value.

On appeal, we accord deference to decisions of the state appraiser and "will set aside the state appraiser's findings of fact only when clearly erroneous." Barnett v. Town of Wolcott, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.). Where the state appraiser's valuation is supported by some evidence from the record, "the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." Garilli v. Town of Waitsfield, 2008 VT 91, ¶ 9, 184 Vt. 594, (mem.) (quotation omitted).

The Town's main argument concerns the hearing officer's proposal of a settlement between the parties. The facts of the proposed settlement are not in dispute. After presentation of evidence from both sides, the hearing officer noted that the difference between the Town's listed value of $2,934,900 and taxpayers' proposed value of $2,450,000 was $485,000, and suggested that the parties stipulate to a value of $2,700,000. The hearing officer expressed that this was a reasonable value for the property and gave the parties a chance to consider. Taxpayers agreed. The Town lister present at the hearing expressed that the Town's current valuation was correct, and did not feel he had authority to bind the Town to a settlement. Following the hearing, the proposal was presented to the selectboard, which declined to accept the agreement. The Town manager notified the hearing officer by letter. The hearing officer replied by letter urging the Town to approve the stipulation. The selectboard again declined to settle. The hearing officer then conducted a site visit to view the property and comparable sale properties, and issued a written decision.

The Town argues that the hearing officer impermissibly attempted to negotiate a settlement between the parties, and this involvement rendered the hearing unfair. "A fair trial before an impartial decisionmaker is a basic requirement of due process, applicable to administrative agencies as well as to the courts." Agency of Natural Res. v. Upper Valey Reg'l Landfill Corp., 167 Vt. 228, 234-35 (1997). An agency adjudicator is given "a presumption of honesty and integrity," and the party asserting bias has the burden of demonstrating an interest that requires disqualification. Id. at 235.

The Town has failed to overcome the presumption of honesty and integrity simply by showing that the hearing officer attempted to help the parties reach a mutually acceptable settlement. Administrative proceedings may be resolved by settlement. See 3 V.S.A. § 809(d) (stating that in administrative proceedings an informal disposition of a contested case can be made by settlement "[u]nless precluded by law"). There was no inherent bias created by the hearing officer's attempt to bring the sides to an agreement on the property's fair market value. See In re Odessa Corp., 2006 VT 35, ¶ 10, 179 Vt. 640, 642 (mem.) (concluding that board's consideration of a settlement offer did not create an unacceptable risk of bias); see also Transp. Gen'l, Inc. v. Ins. Dep't of State of Conn., 652 A.2d 1033, 1038 (Conn. Ct. App. 1995) (holding that evidence, including administrative hearing officer's attempts at having parties settle, did not demonstrate bias or disqualify hearing officer from decisionmaking). Although the hearing officer encouraged the parties to settle, once that settlement was rejected the hearing officer rendered a decision. The decision reflects that the hearing officer's conclusion was based on an evaluation of the facts, and not improperly influenced by a preconceived bias. See Agency of Natural Res. v. Earth Constr., Inc., 165 Vt. 160, 167 (1996) (explaining that bias must be "clearly established by the record"). Therefore, there are no grounds for reversal.

The Town next argues that taxpayers failed to submit any admissible evidence and therefore did not destroy the presumed validity of the Town's assessment. When a taxpayer grieves an assessment to the state appraiser, there is a presumption that the Town's assessment is valid. City of Barre v. Town of Orange, 152 Vt. 442, 444 (1989). If the taxpayer presents

evidence that his property was appraised above fair market value, then the presumption disappears and "it is up to the town to introduce evidence that justifies its appraisal." Adams v. Town of West Haven, 147 Vt. 618, 619-20 (1987). Even when the presumption of validity disappears, however, the ultimate burden of persuading the court that the Town's appraisal is incorrect "remains with the taxpayer." Id. at 620 n.*.

Taxpayers' evidence consisted of testimony and two appraisal reports that were prepared for a lending institution. The Town contends that the hearing officer impermissibly admitted and relied on information in the appraisals offered by taxpayers at the hearing, and that taxpayers' testimony alone was insufficient to burst the presumed validity of the Town's assessment because it rested on the information in the appraisals.

We conclude that taxpayers' testimony as to the property's value was sufficient evidence to burst the presumption of validity. See 12 V.S.A. § 1604 ("The owner of real or personal property shall be a competent witness to testify as to the value thereof."); Crabbe v. Veve Assocs., 150 Vt. 53, 58 (1988) ("The owner of real property is competent to testify concerning its value."). Although taxpayers mentioned the two appraisals during testimony, taxpayers also explained their own reasons to support that value, stating that there was a downturn in the market, especially for vacation properties, and the Town had not considered this in its assessment. This testimony was certainly enough to destroy the presumed correctness of the Town's assessed value. See Kruse v. Town of Westford, 145 Vt. 368, 372 (1985) (taxpayer's testimony sufficient to burst bubble presuming appropriateness of Town's assessment).

As to the appraisals, there was also no error. The Town asserts that these exhibits were hearsay and inadmissible. At the beginning of the hearing, the hearing officer identified the different exhibits being offered by taxpayers and the Town, including the two appraisals offered by taxpayers. The hearing officer then inquired whether the Town had any objection to taxpayers' exhibits. The Town responded "No objection, but I would like to make comments at some time on those reports." Although asked to identify those comments, the Town demurred, and stated that it would make a comment "at some time." Later in the hearing, the Town listed several errors it had identified in the appraisals, and reasons why the appraisals were not reliable. Then the Town stated "[t]he other thing is that [the appraisal authors] are not here today to ask questions about his [sic] appraisal report." Given the failure to object when the appraisals were offered, the Town has failed to preserve the grounds for exclusion now raised on appeal. See Rossetti v. Chittenden Cty. Transp. Auth., 165 Vt. 61, 68 (1996) (holding that city precluded on appeal from challenging admission of exhibit that was not objected to below).

The Town's remaining arguments concern the evidence upon which the hearing officer's opinion was based. First, the Town argues that the hearing officer erroneously relied on the comparable sale properties used in the appraisal reports submitted by taxpayers. As explained above, the Town failed to object to admission of the exhibits. Therefore, the exhibits were admissible and it was within the hearing officer's discretion to rely on the comparable sale properties in those appraisals.

The Town also claims that the hearing officer impermissibly relied on his own experience in evaluating the evidence. The hearing officer adjusted the comparable sales using "[t]ypical adjustments" for various improvements, including values for a full-bath, half-bath, fireplace, air conditioning and garage. These adjustments differed from those used by the Town. The Town argues that the hearing officer effectively relied on evidence outside the record.

3

We conclude there was no error.  It is within the hearing officer's discretion to determine the "weight, credibility and persuasive effect of the evidence."  <u>Kruse</u>, 145 Vt. at 374 .  It is also within the hearing officer's discretion to use his expertise to adjust the value of property as long as that adjustment is explained adequately.  As to comparable properties in particular, there is a considerable amount of discretion vested in the factfinder because comparable properties are rarely, if ever, identical.  Thus, absent a demonstrated abuse of discretion, it is within the discretion of the trier of fact to weigh the degree of comparability.  <u>Scott Constr., Inc. v. Newport Bd. of Civil Auth.</u>, 165 Vt. 232, 239 (1996); see <u>Lake Morey Inn Golf Resort v. Town of Fairlee</u>, 167 Vt. 245, 249 (1997) (observing that this Court has "consistently held" decision to use or reject comparable properties to be evidentiary question, not question of law).  Here, the hearing officer acted within his discretion in evaluating the degree to which the comparable sale properties were similar to taxpayers' property and adjusting for various differences in the two.

<u>Affirmed</u>.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice