*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-380

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| Marjorie Johnston | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| City of Rutland | } | DOCKET NO. 776-11-11 Rdcv |

Trial Judges: William D. Cohen
Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals the superior court's valuation of her property in the City of Rutland. She argues that the City erred in failing to combine contiguous land owned by her into one parcel for payment of property taxes. We affirm.

The record reveals the following facts. Taxpayer received assessments for the 2011 grand list for six different parcels of property she owns, which were each identified by separate identification numbers. Taxpayer appealed the assessments to the Board of Civil Authority. The Board issued separate decisions as to each property. Taxpayer filed a notice of appeal with the civil division of the superior court. See 32 V.S.A. § 446 (allowing taxpayer aggrieved of town's valuation to appeal to either Director of Property Valuation and Review or to superior court).[1] The court held a trial over three days. At the conclusion of the presentation of taxpayer's evidence, the City moved for judgment on partial findings pursuant to Vermont Rule of Civil Procedure 52(c). Following an opportunity for taxpayer to respond to the motion, the court issued a written order granting the motion. The court found that the evidence submitted by taxpayer failed to overcome the presumption of validity attached to the City's appraisal, and entered judgment for the City. Taxpayer appeals.[2]

Under Rule 52(c), the trial court weighs the facts presented and determines whether the nonmovant has established a right to relief. <u>Gladstone v. Stuart Cinemas, Inc.</u>, 2005 VT 44,

---

[1] The initial notice of appeal listed solely the property at 103 Maple St. in Rutland, but the court subsequently granted taxpayer's request to include the other properties in the appeal.

[2] We emphasize at the outset that this appeal is limited solely to the BCA's 2011 grand list tax assessment. To the extent that taxpayer has raised issues relating to subsequent events in motions to the trial court as well as in motions and briefing to this court, those issues are not before us in this appeal and we do not reach them.

¶¶ 10, 178 Vt. 104. On appeal from a Rule 52(c) judgment, this Court reviews the trial court's conclusions of law de novo, and the factual findings for clear error. Id. This Court defers to the trial court's "determinations with regard to evidentiary credibility, weight, and persuasiveness." Boivin v. Town of Addison, 2010 VT 67, ¶ 6, 188 Vt. 571, 5 A.3d 897.

When a taxpayer grieves an assessment, there is a presumption that the Town's assessment is valid. City of Barre v. Town of Orange, 152 Vt. 442, 444 (1989). If the taxpayer presents evidence that his property was appraised above fair market value, then the presumption disappears and "it is up to the town to introduce evidence that justifies its appraisal." Adams v. Town of West Haven, 147 Vt. 618, 619-20 (1987). Even when the presumption of validity disappears, however, the ultimate burden of persuading the court that the Town's appraisal is incorrect "remains with the taxpayer." Id. at 620 n.*.

Here, pursuant to Rule 52(c), the court determined that taxpayer had failed to present sufficient evidence to burst the presumption of validity attached to the City's appraisal. Taxpayer argues that the court's decision is incorrect because the methodology used by the City to assess her property was incorrect. Taxpayer asserts that the City erred by considering the property as separate parcels rather than one part of a contiguous whole.

Taxpayer has not ordered a transcript of the proceeding below. Without a transcript, this Court is unable to evaluate the sufficiency of the evidence to support the court's finding that taxpayer's evidence was insufficient to burst the presumption of validity. V.R.A.P. 10(b)(1) (explaining that appellant "waives the right to raise any issue for which a transcript is necessary for informed appellate review"); see Evans v. Cote, 2014 VT 104, ¶ 12 (assuming findings supported where appellant failed to order transcript). Therefore, we must assume the court's findings are supported by the record.

Taxpayer repeatedly argued in motions below, and now argues on appeal, that the assessor should have assigned a single value in the grand list for the various contiguous properties. See 32 V.S.A. § 4152(a)(3). This appears to be taxpayer's central argument on appeal. Taxpayer contends that we do not need a transcript to address this argument.

We disagree. These arguments alone are not sufficient to enable us to review taxpayer's claims on appeal without reviewing the actual evidence presented to and ruled upon by the trial court. Even assuming that taxpayer is correct that her various properties, to the extent they are contiguous, should be listed as a single parcel in the grand list, there may be a difference between how property is listed in the grand list and how it is actually valued. See, e.g., Lathrop v. Town of Monkton, 2014 VT 9, 195 Vt. 564 (affirming valuation of undeveloped parcels for which taxpayers had obtained subdivision permits where valuations were based on assumption of multiple house sites within each undeveloped parcel); Hoiska v. Town of East Montpelier, 2014 VT 80, ¶ 7, 197 Vt. 196, 199 ("Even where land is not subdivided, it may be appraised based on its development value as long as the valuation method is supported by credible evidence."). Even accepting taxpayer's argument about how the property should have ultimately been listed on the grand list, in order to determine whether the trial court erred in concluding that the BCA's valuation was lawful, we would need to see the evidence presented to the trial court. Evidence relating to the highest and best use of taxpayer's land, actual use of taxpayer's land, and the City's policy and practice concerning valuation of property consisting of multiple building lots

within a contiguous parcel all may be relevant to our consideration of taxpayer's argument on this point.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice