VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No. 24-AP-092

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# <u>ENTRY ORDER</u>

DECEMBER TERM, 2024

Cashman Fairfield Farm Trust\* v. Town of Fairfield

}
}
}   APPEALED FROM:
}
}   Property Valuation and Review
}   CASE NO. PVR 2023-7

In the above-entitled cause, the Clerk will enter:

Taxpayer appeals a decision of the Division of Property Valuation and Review (PVR) affirming the 2023 listed value of taxpayer's property in the Town of Fairfield. On appeal, taxpayer contends that the townwide reappraisal was invalid because the contracted firm was not properly approved by PVR at the time. We affirm.

The hearing officer made the following findings. Taxpayer's property is 105 acres of land improved with a single-family dwelling and outbuildings. The dwelling is in disrepair and not habitable. The outbuildings are in excellent to average condition. The highest and best use of the property is for residential use with managed forest land and some agriculture. The Town conducted a reappraisal in 2023 using New England Municipal Resource Center (NEMRC). The Board of Civil Authority set the value of taxpayer's property for 2023 at $312,400 based on this reappraisal.

Taxpayer appealed the Town's valuation to PVR but did not assert any shortcoming in the assessment of fair market value. Instead, taxpayer argued that the Town's entire 2023 townwide reappraisal was invalid because NEMRC was not approved by PVR as required by statute. See 32 V.S.A. § 4052(a) ("No municipality shall employ or contract a person, firm, or corporation to perform appraisals of real property for the purpose of property taxation unless approved by the Director of Property Valuation and Review as qualified under this section."). The hearing officer affirmed the valuation of taxpayer's property because taxpayer did not present evidence showing that the Town's assessment of fair market value was incorrect. The hearing officer acknowledged that NEMRC's approval had lapsed but noted that the individual NEMRC appraisers who conducted the reappraisal were certified. Whatever the status of the certification, the hearing officer concluded that he lacked authority to invalidate the townwide reappraisal. Moreover, the hearing officer concluded that taxpayer was not prejudiced by any lack of certification because taxpayer had the opportunity to challenge the appraisal through an appeal and had not demonstrated any error in the appraisal. Therefore, the hearing officer affirmed the $312,400 value. Taxpayer appeals.

"The goal of property-tax appraisal is to ensure that no property owner pays more than his or her fair share of the tax burden; this is accomplished by listing all properties at fair market value." Barnett v. Town of Wolcott, 2009 VT 32, ¶ 4, 185 Vt. 627 (mem.). When a taxpayer grieves an assessment, there is a presumption that the Town's assessment is valid. City of Barre v. Town of Orange, 152 Vt. 442, 444 (1989). If the taxpayer presents evidence that the property was appraised above fair market value, then the presumption disappears and "it is up to the town to introduce evidence that justifies its appraisal." Adams v. Town of West Haven, 147 Vt. 618, 619-20 (1987). On appeal, we accord deference to PVR and will set aside "findings of fact only when clearly erroneous." Barnett, 2009 VT 32, ¶ 5.

On appeal, taxpayer does not challenge the valuation of its property. Taxpayer reiterates the argument that under PVR's rules, an appraisal firm must obtain certification from PVR before submitting a proposal to undertake an appraisal. See 32 V.S.A. § 4052(c) (directing PVR director to establish rules for qualifications of appraisers); Property Valuation and Review, Contract Appraisal Certification, Rule 2, Code of Vt. Rules 10 061 002, http://www.lexisnexis.com/hottopics/codeofvtrules (providing that appraisal firm seeking to perform property appraisals "shall obtain certification from the Division prior to submitting a proposal to undertake such projects"). He contends that this Court should direct the Town to conduct a reappraisal using a certified firm and order inspections of PVR's appraisal process generally.

Taxpayer has not presented any basis to reverse the hearing officer's decision. On appeal, the hearing officer must "determine the correct valuation of the property." 32 V.S.A. § 4467(a). Therefore, the sole question before the hearing officer was whether taxpayer's property was assessed at fair market value. Although taxpayer claims the townwide reappraisal was done by a firm that was not properly licensed, taxpayer did not present any evidence to demonstrate how any lack of licensing resulted in an error in calculating the listed value of its property. Therefore, taxpayer failed to rebut the presumption that the Town's assessment was valid, and the hearing officer properly affirmed the Town's valuation. See Jackson Gore Inn v. Town of Ludlow, 2020 VT 11, ¶ 35, 211 Vt. 498 (explaining that town's valuation is presumed valid and legal and taxpayer has initial burden of producing evidence that property appraised at more than fair market value).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

2